# Shepler *versus* Scott.

1. Where one brings an action to recover compensation for procuring a sale of real estate under a special contract it is not necessary to show that he had a license to act as a real estate broker.

2. Where a contract itself is silent as to the time within which an act is to be performed, the implication is that it should be done within a reasonable time, and what is a reasonable time is a question for the jury to determine.

3 Where it is attempted to be shown by parol that the operation of a contract was to be limited to a particular time, the evidence thereof must be positive and clear.

October 24th 1877.  Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1876, No. 261.

Covenant by Joseph H. Scott against Davis Shepler on the following instrument:—

"Agreement made this 6th day of May 1874, by and between Joseph H. Scott, of Washington county, Pennsylvania, of the one part, and Davis Shepler, of Westmoreland county, Pennsylvania, of the other part, witnesseth, that the said party of the first part, for the consideration hereinafter mentioned, is to use his best endeavors to sell for the said second party one hundred and twenty six acres of coal, more or less, situate in Rostraver township, Westmoreland county, and in case of sale of said coal by said first party, or from his efforts to sell the same, the said second party hereby binds himself, his heirs and executors to pay to the said first party all that the said property shall be sold for over and above $50 per acre.  In witness, the said parties have hereunto set their hands and seals this 6th day of May 1874.

    (Signed)          DAVIS SHEPLER.  [SEAL.]
                      JOSEPH H. SCOTT.  [SEAL.]

[Shepler *v.* Scott.]

Defendant pleaded *non infregit conventionem*, covenants performed *absque hoc*, &c.

The facts are mainly stated in the opinion of this court.

The second point of plaintiff, which the court, Logan, P. J., affirmed, was as follows: "If the jury find that the plaintiff was the procuring cause of the sale, he would be entitled to recover under his contract, unless it had terminated by lapse of time or was rescinded before the sale to Moses Scott."

In their general charge the court said:—

"There is, however, a further question, which is one particularly for you. The defendant, Davis Shepler, insists that this contract, instead of being, as written upon its face, without any limitation as to time in which the sale is to be made, was limited to a period of three weeks, and that it was agreed between the parties at the time the paper was made that Joseph Scott should only have three weeks in which to consummate the sale, and at a time before the sale the parties met, and it was agreed between Joseph Scott and Davis Shepler that the sale not having been made within the three weeks, the paper was declared off, and it was so agreed between them. If this fact be so—if you are satisfied under all the testimony in the case that it is so, that will defeat the right of the plaintiff to recover. In determining that, you will look at all the testimony in the cause. The paper is with the plaintiff; the contract as read is as it is alleged to have been by the plaintiff. The burden, therefore, rests with the defendant to satisfy you by positive and clear testimony that the contract embraced the terms the defendant says it did, and not recited in the paper, that the time was limited to three weeks, and at the end of three weeks they agreed to give up that paper. You will scan all the testimony in the cause, and say whether the defendant has satisfied you by clear and positive proof of the fact that it was limited to three weeks, and the contract declared off at the end of three weeks. If he had insisted upon the paper conveying simply the coal at the time, he ought to have stood upon it, or at least given Joseph Scott notice of it, and an opportunity to be heard. There is no evidence that he did give such notice, and if the facts are so, as they seem to be under the testimony in the cause, then this matter of additional privileges would not be considered an element of defence on the part of the defendant."

The court reserved the question whether the failure of the plaintiff to show the fact that he had a license as a broker, either under the law of the United States or of Pennsylvania, defeats the right of action.

The verdict was for the plaintiff for $600, and the court subsequently overruling a motion to enter judgment for defendant non obstante veredicto, he took this writ, assigning this refusal to enter judgment, the answer to plaintiff's point, and the portion of the charge noted, for error.

[Shepler v. Scott.]

*Henry D. Foster*, for plaintiff in error.—The instruction that to contradict the written contract, the evidence must be positive and clear, was too exacting, and deprived the defendant of the benefit of valuable testimony. On the question of the license, cited Act of May 27th 1841, Purd. Dig. 180, 181 ; Commonwealth v. Holmes, 1 Jones 468 ; Clapp v. Hughes, 1 Phila. 382 ; Commonwealth v. Manley, 2 Id. 173 ; Kellogg v. Conklin, 6 Id. 177 ; Holt v. Green, 23 P. F. Smith 198.

*H. P. Laird* and *H. C. & J. A. Marchand*, for defendant in error. —The rulings of the court in Pennsylvania Railroad Co. v. Shay, 1 Norris 198, and Snyder v. Snyder, 6 Binn. 483, justify the instruction of the judge as to the character of testimony necessary to vary a written contract. Defendant was not bound to show that he had a license before he could recover on this contract. It is to be presumed he had one, until otherwise shown. There was no evidence that he held himself out as a broker, and he is entitled to recover under the terms of his agreement : Chadwick v. Collins, 2 Casey 130.

Mr. Justice STERRETT delivered the opinion of the court, January 7th 1878.

According to the terms of the contract executed by the parties on the 6th day of May 1874, the plaintiff below agreed to use his best endeavors to sell, for the defendant, one hundred and twenty acres of coal, and in case of a sale by him, " or from his efforts to sell," the defendant agreed to pay him all that it should " be sold for over and above $50 per acre." On the fourth of August following, the coal was sold, by articles of agreement, to Moses Scott for $55 per acre, and the plaintiff, claiming that the sale had been effected by his agency, demanded $600 as compensation for his services, rendered in pursuance of the contract.

The main grounds of defence were that the time, within which the plaintiff was authorized to negotiate a sale, was limited to three weeks, and had expired before Moses Scott agreed to purchase ; that the sale to Moses Scott embraced grants and concessions, by the defendant, which the plaintiff was not authorized to make in any sale he might have effected under his agreement with the defendant, and that the plaintiff could not recover without showing that he had a license to act as a real estate broker.

The question of law, involved in the last-mentioned ground of defence, was reserved, and afterwards rightly decided in favor of the plaintiff below. Under the pleadings his right to recover did not depend on proving that he had a license ; and, aside from this, there was no evidence that the plaintiff was engaged in the business of a real estate broker, as an occupation, or that he held himself out to the public as such.

[Shepler *v.* Scott.]

The court was clearly right in affirming the plaintiff's second point and thereby instructing the jury that if they found " the plaintiff was the procuring cause of the sale he would be entitled to recover under his contract, unless it had been terminated by lapse of time, or was rescinded before the sale to Moses Scott." The questions of fact upon which the case mainly turned were thus fairly presented and submitted to the jury. If the sale to Moses Scott was negotiated by the plaintiff, or resulted from his efforts, he was entitled to the compensation fixed by the agreement, unless the jury found from the evidence that the contract had previously expired by limitation, or had been rescinded by the parties. The contract itself is silent as to the time within which the plaintiff was authorized to negotiate a sale; but the implication of law would be that it should be done within a *reasonable* time, and this would be a question for the jury. The defendant, however, contended that when the contract was signed, it was expressly agreed that the time should be limited to three weeks; that afterwards, the plaintiff requested an extension of time, which was refused, and it was then mutually understood that the contract was no longer in force. Testimony bearing on this point was offered by both parties, and submitted to the jury with instructions as to the nature of the proof required to establish the limitation contended for by the defendant. This portion of the charge is assigned for error.

After stating to the jury what was claimed by the defendant, as to the limitation agreed upon at the time the contract was executed, &c., the learned judge instructed them, that if they were satisfied from all the testimony in the cause that the facts were so, the plaintiff could not recover; that the written contract, as it stood, was with the plaintiff, and therefore the onus was on the defendant to satisfy them by " positive and clear testimony," that the time was limited to three weeks; that they should " scan all the testimony in the cause," and say whether the defendant had satisfied them " by clear and positive proof, of the fact that it was limited to three weeks and then declared off." After referring to the conflicting testimony of the parties themselves, and the corroborative testimony introduced on both sides, he concluded by saying, " all these circumstances you will take into account in determining whether or not the contract is as written, or whether it is as claimed by the defendant."

The plaintiff in error has no reason to complain of this branch of the charge. The testimony was fairly submitted to the jury, with proper instructions as to the character of the proof that was required to sustain his proposition. While the parol testimony introduced by him did not contradict anything expressed in the written contract, its purpose was to restrain its operation as to time, and thus vary its legal effect. In such cases it is not requiring too high a degree of proof to say that the testimony should be clear as

[Shepler v. Scott.]

well as positive.   It should undoubtedly be clear, and there is no reason why it should not be positive also, as contradistinguished from testimony of a negative character.   It is in this sense that the instruction would be understood by the jury.   None of the testimony was withheld from the jury.   They were instructed, as we have seen, to carefully consider it all, and take into account all the circumstances; and if they were satisfied, "by clear and positive proof," that the time was limited to three weeks, they should so find.   This was quite as favorable as the plaintiff in error had a right to ask.   We find no error in any of the assignments.

Judgment affirmed.