## SPRINGFIELD F. & M. INS. CO. v. C. H. BROWN.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued May 1, 1889—Decided October 7, 1889.

1. Where a policy of insurance provides that immediate notice of a loss shall be given, but fixes no time within which the proofs of loss shall be furnished, a reasonable time is allowed therefor, and what is a reasonable time is to be ascertained from all the circumstances of the case.*
2. The act of June 27, 1883, P. L. 165, providing that the assured may furnish notice of the loss within ten days and preliminary proofs thereof within twenty days from the date of the fire, is for the protection of the assured and does not exact the notice or proofs from him within that time.
3. In an action on such a policy, whether the proofs were furnished in a reasonable time is to be ascertained from the evidence as to the conduct of the insurers and the assured, of their negotiations and of what passed between them respecting the loss, and the time and manner of proving it.

---

*See People's Accident Ass'n v. Smith, 126 Pa. 317.

Statement of Facts.

4. And, in such case, where the facts and circumstances are not clearly established and the evidence as to them is conflicting, the question is for the jury, under proper instructions from the court as to the law governing it.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 350 January Term 1889, Sup. Ct.; court below, No. 49 May Term 1887, C. P.

On March 14, 1887, C. H. Brown brought debt against the Springfield Fire and Marine Insurance Company, on a policy of fire insurance for $1,000 issued to him by the defendant company.   Issue.

At the trial on January 24, 1889, the case presented was as follows, to wit:

On June 11, 1886, the plaintiff procured from the defendant a policy of fire insurance for $1,000 on his stock of merchandise, which policy contained the following clause:

"In case of loss, the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating the time, origin and circumstances of the fire; the occupancy of the building insured or containing the property insured; other insurance, if any, and copies of all policies; the whole value and ownership of the property, and the amount of loss or damage; and shall produce the certificate, under seal of a magistrate, notary public or commissioner of deeds, nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that assured has without fraud, sustained loss on the property insured to the amount claimed by the said assured. . . . . If required, the assured shall produce books of account and other proper vouchers, original or duplicate invoices of all property hereby insured, whether damaged or not damaged, and be examined under oath by any person appointed by the company, touching all questions by him deemed pertinent to the loss, and subscribe such examination when reduced to writing; and a refusal to answer such questions and subscribe such examination, when reduced to writing, shall cause a forfeiture of all claims under this policy."

The plaintiff testified that the fire by which the insured property was destroyed occurred on September 11, 1886; that immediate notice of the loss was given, but formal proofs were not then furnished; that after the notice, Mr. Adams, the company's adjuster, came upon the ground and instructed the plaintiff how to proceed; that as his bills of goods purchased had all been burned, he was directed by Adams to procure duplicate bills; that a number of duplicate bills were procured by him within a month after the fire and Adams was notified thereof; that on October 4, 1886, Adams and himself agreed to refer certain matters in dispute to one Spear, a former clerk in plaintiff's store; that plaintiff procured Spear's affidavit as to the matters and submitted it to Adams, who refused to adjust plaintiff's damages, and in November, 1886, gave to plaintiff a written notice to prepare his proofs of loss, promising to send him blanks therefor; that he waited some time for the blanks which failed to come, when he made out his proofs as well as he could, and on December 15, 1886, submitted them to the company.

The defendant submitted testimony to meet that adduced by the plaintiff, and at the close of the case presented, inter alia, the following points:

5. The act of assembly of June 27, 1883, P. L. 165, has fixed the limit of time as ten days from the date of the fire within which the insured may give notice of loss, and twenty days from said date within which the insured shall furnish preliminary proofs of his loss; and therefore, any furnishing of preliminary proofs after twenty days from the date of the fire is unreasonable, and the plaintiff, under the evidence in this case, cannot recover in this suit, unless such furnishing of proofs has been expressly or impliedly waived by the defendant in a lawful manner, of which there is no evidence in this case.

Answer: This point is refused.[5]

10. Under the law and the evidence in this case the plaintiff is not entitled to recover, and the verdict must be for the defendant.

Answer: This point is refused.[7]

The court, WICKHAM, P. J. 36th district, presiding, charged, inter alia, as follows:

[The Springfield Insurance Company contends that the proofs of loss actually furnished came too late and are insufficient. Under all the circumstances of this case, I cannot instruct you as a matter of law that this position is correct. In the opinion of the court, the proofs having been received without objection, are sufficient, in the particulars especially complained of; and as to the alleged unreasonable delay in furnishing them, that is a matter for you to consider and decide in the light of all the evidence. No particular time is fixed in this policy for handing in the proofs of loss. The law, however, requires that it shall be done within a reasonable time. What is a reasonable time, in this case, is a matter for you to decide.] [10]

The jury rendered a verdict in favor of the plaintiff for $1,116.25. Judgment having been entered on the verdict, the defendant took this writ assigning as error, inter alia:

5, 7. The answers to defendant's points.[5] [7]

10. The portion of the charge embraced in [ ] [10]

Mr. *Pearson Church*, for the plaintiff in error.

Mr. *George F. Davenport*, for the defendant in error.

OPINION, MR. JUSTICE McCOLLUM:

The real question in this case is whether the proofs of loss were furnished in time. The contract of insurance provides that "in case of loss the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating the time, origin and circumstances of the fire." The loss occured on September 11, 1886, and the proofs were furnished on the 15th of December following. Where no time is fixed by the policy within which the proofs of loss shall be furnished, a reasonable time is allowed. What is a reasonable time depends on the circumstances. In the present case, the question was referred to the jury, with the instruction that if the proofs of loss were not furnished in a reasonable time after the fire, there could be no recovery.

The contention of the plaintiff in error is that this was a question for the court, and it is urged in support of it, that a proper construction of the act of June 27, 1883, P. L. 165, re-

quires the assured to furnish the preliminary proofs of loss within twenty days from its occurrence, and that upon the whole evidence a case of unauthorized and unreasonable delay in making the proofs is presented. The act of June 27, 1883, provides that "The conditions of insurance as to the notice of loss and the furnishing of preliminary proof, shall be deemed to have been complied with, if the assured . . . . . shall furnish to the company at its general office, or to the agent of the company who countersigned the policy or policies of insurance, the notice of loss within ten days from the date of the fire, and the preliminary proofs within twenty days from said date." It is an act for the protection of persons sustaining loss of property by fire, where the same is covered by contracts of indemnity by fire insurance companies, and it is so entitled. It avoids all controversy as to compliance with these conditions, if the assured gives notice and furnishes proofs of the loss within the time therein mentioned, but it does not exact from him the notice or proofs within that time. It may aid, but it cannot embarrass him, in the enforcement of his claim.

Whether the proofs were furnished in a reasonable time is to be ascertained from the circumstances developed by the evidence; from the conduct of the insurers and the insured, and from their negotiations and what passed between them respecting the loss and the time and manner of proving it. Where the facts and circumstances are not clearly established and the evidence as to them is conflicting, the case is for the jury under proper instructions as to the law governing it: Home Ins. Co. v. Davis, 98 Pa. 280; Amer. F. Ins. Co. v. Hazen, 110 Pa. 530.

In the present case, if the evidence produced by the assured is credited, there was an honest effort on his part to comply with the directions of the company in everything relating to the proof and settlement of his loss. It shows that considerable time was necessarily occupied in procuring duplicate bills and accounts of his purchases, and other data, as required by the company, and in obtaining the sworn statements of Spear, in pursuance of the agreement of October 4th; that in the latter part of November the insurer refused to adjust the loss on the basis before agreed upon, directed him to make formal proofs and promised to send him blanks for that purpose, but did not, and that after the proofs were furnished no objection was made to the delay in sending them.

We think the question, whether the proofs of loss were furnished in a reasonable time, was properly referred to the jury and that it was correctly answered by the verdict.

Judgment affirmed.