# ALLEGHENY CITY v. CHARLOTTE McCAFFREY.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 4, 1889—Decided January 6, 1890.

1. On the hearing of a rule for judgment for want of a sufficient affidavit of defence the court may not go outside of the case as presented by the claim and affidavit, to consider extraneous facts, either in support of or against the line of defence disclosed.

2. If it is deemed advisable to bring upon the record for consideration facts outside of the statement of claim and affidavit of defence, it may be done, by leave of court, with the consent of parties, and by filing a statement embodying the admitted facts.

3. An affidavit of defence to a scire facias sur municipal claim, averring, inter alia, that the street for which the assessments were made did not exist, and that, by a conspiracy between the city engineer and abutting owners, the assessments were made to cover, in part, damages to such owners for land not owned by them, is sufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 155 October Term 1889, Sup. Ct.; court below, No. 20 July Term 1889, Allegheny City M. L. D., C. P. No. 2.

On April 5, 1889, the city of Allegheny issued a scire facias sur a municipal claim filed against a certain lot in the Second ward owned by Charlotte McCaffrey, for the sum of $8.58, for assessments for benefits for the opening of Federal street extension from Morris street to Perrysville plank road, under an ordinance of date October 14, 1886, enacted under the provisions of the act of April 1, 1870, P. L. 751, relative to streets in the city of Allegheny.

The defendant filed an affidavit of defence to the writ, averring for herself and other defendants against whom similar liens were filed, inter alia, as follows:

3. The amount for which this lien is filed, is a sum assessed as benefits to defendants' lots, to pay damages assessed in favor of Joseph and Samuel McNaugher and others, for the taking by plaintiff of a public street, laid out by the commonwealth

in the Reserve Tract opposite Pittsburgh, in the original plan thereof, and which public street had been fenced in by said McNaughers and others, but without any right on their part.*

4. The ordinance mentioned in the lien in this case, of October 14, 1886, is not sufficient to authorize this lien, nor any proceedings taken under it.

5. That in pursuance of an act of the general assembly, of the commonwealth of Pennsylvania, approved the 11th day of September, A. D. 1787, 2 Sm. L. 414, the Reserve Tract opposite Pittsburgh, (now embraced within the limits of the city of Allegheny,) was laid out and surveyed as a town in lots, with streets, lanes and alleys, among which was a street called Federal lane, which extended from what is now known as North avenue, in said city of Allegheny, to the northern line of said Reserve Tract, having a width of eighty feet in a straight line; and a copy of the plan of said Reserve Tract, as laid out and surveyed under the act of assembly aforesaid, showing the exact location of said Federal lane, is recorded in the recorder's office of Allegheny county, in a separate plan book, reference to which being had, will sufficiently appear.

That by the terms of said act of assembly of September 11, 1787, the streets, alleys and lanes in said Reserve Tract, as shown in the plan recorded as aforesaid, were declared to be common highways forever.

That the commonwealth of Pennsylvania, by its various patents, conveyed to divers persons, their heirs and assigns, out-lots Nos. 147 to 178, both inclusive, being all of the out-lots abutting on either side of said Federal lane in the plan aforesaid, and in all of said conveyance recognized said Federal lane, and described the out-lots so conveyed, as bounded, inter alia, by said Federal lane; and by said conveyances, the grantees therein, their heirs and assigns, for a valuable consideration, acquired the right to have said Federal lane kept open forever as a common highway and as appurtenant to said out-lots, as well as all other lots in the plan aforesaid.

That as defendant is advised and believes, no attempt has ever been made by any act of assembly, or ordinance of the city of Allegheny, to vacate said Federal lane or any part

---

*See Commonwealth v. McNaugher, ante, 55.

thereof; but on the contrary said Federal lane, as laid out on said plan of the said Reserve Tract, has been accepted by said city of Allegheny, as a public street, and directed to be opened as such by ordinances duly passed and approved, among which are, an ordinance entitled, " An Ordinance authorizing the widening and opening of Federal lane, from R. Duncan's south line to the intersecting of Perrysville avenue," approved March 26, 1874, and an ordinance entitled, " An Ordinance authorizing the opening of Federal street extension, from present pavement to Perrysville plank road," approved June 27, 1881, which latter ordinance has never been repealed, but still remains in full force.

That defendants, by virtue of divers conveyances, duly executed, have respectively become the owners, in fee-simple, of portions of the out-lots aforesaid, fronting on the west side of Federal lane, and by virtue of said conveyances, hold and own the following described lots of ground: . . . . .

That on October 14, 1886, an ordinance entitled " An Ordinance authorizing the opening and widening of Federal street extension, from Morris street to Perrysville plank road," was passed by the councils of said city of Allegheny, a copy of which, marked exhibit B, is hereto attached, and under said ordinance said city of Allegheny has attempted, and is now attempting to open a street 50 feet in width, part of which is within the limits of said Federal lane, and part of which lies to the westward thereof, upon the properties of defendants, and part of which lies to the eastward thereof, making a narrow winding road, for which no necessity exists, and which practically obstructs and destroys said Federal lane, as established by the commonwealth of Pennsylvania, as aforesaid; and defendants aver that said ordinance does not confer or establish any right in said city of Allegheny, to locate any such street upon the properties of defendants, as attempted under said ordinance.

That the viewers appointed under the ordinance of October 14, 1886, aforesaid, in their report to the councils of said city of Allegheny, and the said councils in approving the said report, wholly disregarded the fact of the existence of Federal lane, and assessed damages in favor of Joseph and Samuel McNaugher and others, as though they were the absolute owners of that

portion of the said Federal lane, abutting upon the property of said Joseph and Samuel McNaugher and others, although, in fact, none of their property was taken under said ordinance; and charged defendants with benefits for the opening and widening of the street, under said ordinance, in utter disregard of the fact that they were already entitled to the benefits of said Federal lane; and assessed, as benefits to defendants, the damages awarded to said McNaughers and others for said taking of portions of said Federal lane; and the amounts so assessed as benefits to defendants, for damages to said McNaughers and others, for the taking said Federal lane, in which said McNaughers and others had no right, title or interest, are the amounts for which these liens are filed. And affiant says that defendants are not liable to pay such benefits so assessed, as the ground taken was and is public ground, and such benefits so assessed, and for which these liens are filed, are for the taking said ground only, and not for grading or any other cause.

6. And affiant says further, that she is informed and believes, and expects to be able to prove on the trial of this case, that the city engineer of plaintiff and said McNaughers, unlawfully and improperly combined and conspired together, for the purpose of adding to said McNaughers' property, the said public street known as Federal lane, and attempting to give title to the same; and for this purpose wrongfully and unjustly procured the viewers appointed under said ordinance of October 14, 1886, to assess as damages in favor of said McNaughers and against defendants, the value of the portion of said Federal lane taken under said ordinance, when said city engineer and said McNaughers well knew at the time of procuring said false and fraudulent assessment, that the ground taken was portion of a public street, to wit, said Federal lane, for which no damages could be assessed or paid. And affiant says further that she is informed and believes, and expects to be able to prove on the trial of this case, that the whole proceedings, as to the putting through this street, called Federal street extension, in said ordinance of October 14, 1886, were conceived in fraud and iniquity, and gotten up for the express purpose of enriching and benefiting said Samuel and Joseph McNaugher, at the expense of defendants, and that it is highly proper that the whole matter should be ventilated by a jury trial.

A rule was taken for judgment for want of a sufficient affidavit of defence, the grounds assigned being,

1. The confirmation of the report of viewers by councils and the court is conclusive, and the matters alleged in the affidavit of defence cannot be set up as an answer to the scire facias.

2. Defendant took an appeal from the action of the board of viewers, and after a jury trial resulting in a judgment in favor of the city, the report of the board of viewers was confirmed absolutely by the Court of Quarter Sessions.

On June 22, 1889, the court, WHITE, J., filed the following opinion:

" All the matters set up in the affidavit of defence were proper questions to be heard and decided on an appeal from the report of viewers and approval by the city councils.   And it appears on the argument that an appeal was taken, and after a jury trial, the decision was in favor of the city.   These questions cannot be raised again by way of defence to the scire facias.   The rule is, therefore, made absolute and judgment entered for plaintiff."

Thereupon the defendant took this appeal, assigning as error the opinion of the court below as quoted, and the order entering judgment for the plaintiff for want of a sufficient affidavit of defence.

*Mr. F. C. McGirr* (with him *Mr. John S. Ferguson* and *Mr. W. D. Moore*), for the appellant.

Counsel cited: Act of April 1, 1870, P. L. 751; Breed v. Allegheny City, 85 Pa. 214; Schenley v. Commonwealth, 36 Pa. 62; Commonwealth v. Railroad Co., 27 Pa. 339, 358; Commonwealth v. Rush, 14 Pa. 186.

*Mr. Geo. Elphinstone,* City Solicitor, for the appellee.

Counsel cited: Pittsburgh v. Cluley, 66 Pa. 449; Beltzhoover Bor. v. Gollings, 101 Pa. 295; Philadelphia v. Wright, 100 Pa. 237; West. Penna. R. Co. v. Allegheny, 2 W. N. 229; Commonwealth v. Woods, 44 Pa. 113; Wray v. Mayor, 46 Pa. 365.

OPINION MR. JUSTICE STERRETT:

Assuming, as we must in cases such as this, that every material averment of fact in the affidavit of defence is true, we think there is sufficient to entitle the defendant to a jury trial.

Opinion of the Court.

It may be true, as stated by the court below, that all the matters set up in the affidavit of defence were proper questions to be heard and decided on an appeal from the report of viewers, and approval by city councils; but we have no right to assume that they were so heard and decided, or that the defendant neglected to present them at the proper time, and is therefore estopped by her own laches. These and other questions may arise on the trial. If so, they will be disposed of in a way that either party may have the benefit of a bill of exceptions, if deemed advisable.

We are not at liberty to go outside of the case, as presented by the claim and affidavit of defence, for the purpose of considering extraneous facts, either in support of or against the line of defence disclosed by the affidavit. The learned judge in his opinion appears to lay great stress on the alleged fact which he says appeared on the argument, viz.: "That an appeal was taken, and, after a jury trial the decision was in favor of the city." No such fact is presented on the record, and therefore it was not properly before the court on the hearing of the rule for judgment. If it is deemed advisable to bring upon the record facts outside of the claim and affidavit of defence, it may be done by leave of court, with consent of parties, and filing of statement embodying the admitted facts.

If the averment of facts contained in the third, fifth and sixth paragraphs of the affidavit be true, and defendant is not estopped from setting them up, it would be manifestly unjust to sanction the enforcement of the lien. As the record is now presented, it discloses nothing that should preclude her from proving the facts averred in her affidavit.

The ordinance of October 14, 1886, referred to in the affidavit of defence, provides for both opening and widening the street in question. Whether that can be done in a single proceeding, depends upon the proper construction of the city charter relating to laying out and opening new streets, widening, straightening, and extending existing streets, etc. That point is worthy of more consideration than was given to it in the argument of this case, and for the present we forbear expressing any opinion on the subject.

Judgment reversed, and procedendo awarded.