# Haigh et al. *v.* Blaul, Appellant.

*Contracts—Time of Completion not specified—Evidence.*

Where a contract between the parties does not specify the time within which the work was to be done, the law presumes a covenant to complete the work within a reasonable time.

In an action of assumpsit, to recover a balance due for the stone and brick work in a building operation, it appeared that the contract between the parties did not specify any time within which the work was to be completed. In such a case it was not error for the court to exclude an offer, by the defendant, to prove that the plaintiffs delayed in proceeding with the work, when the defendant disclaimed any intention to prove what would have been a reasonable time for the completion of the contract.

The contract provided for payment at so much per perch and that the "wall should be measured solid, except in case of garage doors and other large openings." There was a conflict of evidence as to the understanding of the parties of the construction to put on the words "other large openings." The case having been tried without a jury the question of fact was for the court.

Argued October 8, 1925.   Appeal No. 53, October
T., 1925, by defendant from judgment of the Municipal
Court Philadelphia County, August T., 1923, No. 978,
on finding in favor of the plaintiffs in the case of
Arthur H. Haigh, Walter M. Wolcott and Warren D.
Miller, co-partners, trading as Raymond Construction
Company v. Louis A. Blaul.   Before PORTER, HENDER-
SON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Af-
firmed.

Assumpsit on a written contract.   Before BONNI-
WELL, J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The Court found for the plaintiffs in the sum of
$711.81.   Defendant appealed.

*Error assigned,* among others, was the finding of the
court.

*Ralph B. Umsted,* for appellant.

*Frederick R. Reeves* for appellee.

OPINION BY PORTER, J., December 14, 1925:

This is an action of assumpsit to recover a balance
alleged to be due the plaintiffs, who were sub-con-
tractors for the stone and brick work in a building
operation.   Plaintiffs recovered a judgment in the court
below and the defendant appeals.

The contract between the parties did not specify any
time within which the work was to be completed.
Under such an agreement the law presumes a covenant
to complete the work within a reasonable time.   The
defendant in this case, having averred in his affidavit
of defense that the plaintiffs had failed to complete the
work within a reasonable time and he had been thereby
damaged, it would have been altogether competent for

him to have offered evidence tending to establish what would have been a reasonable time for the completion of the work; that plaintiffs had unreasonably delayed performance; that such delay had interfered with other contractors, thus delaying the completion of the building within a reasonable time and that the defendant had been thus deprived of the use of the building, during the period of such delay. The defendant made no offer to produce such evidence. If he had produced evidence establishing the facts stated, the measure of damages would have been the value of the use of the building during the time which he was deprived of that use. Defendant's counsel, instead of offering to prove the facts which might have entitled him to default his damages on the contract, made an offer to ask the defendant to testify that there had been delay by the plaintiffs in proceeding with the work, in which offer he expressly disclaimed any intention to prove what would have been a reasonable time for the completion of the contract, and, in connection therewith, asserted that for any delay by plaintiffs in proceeding with the work, he, (the defendant) would be entitled to interest at the rate of six per cent. upon his entire investment in the property. The court did not err in sustaining the objection to this offer. The offer contained no suggestion that it was to be followed by evidence tending to establish that the manner in which the plaintiffs proceeded with the work resulted in interfering with other work on the building or the final completion of the structure.

The stone work was to be paid for at so much per perch, and the contract provided that the "wall should be measured solid, except in case of garage doors and other large openings." There was a conflict of evidence as to the understanding of the parties of the construction to be put on the words "other large openings." The testimony of the defendant himself re-

vealed that after the work had been completed and the question as to the character of the openings to be excluded from the measurement was under discussion by the parties, the understanding of the defendant was but slightly different from that upon which the plaintiffs insisted, but that the defendant afterwards contended for a totally different construction. The conflicting testimony was of such a character that the question became one of fact to be determined by the court below. The finding of the court was sustained by competent evidence and we do not feel warranted in disturbing it. The assignments of error are overruled.

The judgment is affirmed.