Bogojavlensky *v.* Logan, Appellant.

Argued March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Lewis Tanner Moore,* for appellant.

*C. Laurence Cushmore, Jr.,* with him *Wayland H. Elsbree* and *White, Williams & Scott,* for appellees.

OPINION BY RHODES, P. J., July 17, 1956:

This is an appeal by defendant from a judgment entered on plaintiffs' motion for judgment on the pleadings which consist of the complaint in assumpsit and answer. The action was for the return of the payment made by plaintiffs to defendant under a contract for the purchase of land and the construction of a dwelling thereon. The question involved is whether the court below erred in entering judgment without granting leave to defendant to amend her answer.

Plaintiffs in their complaint alleged that defendant breached the contract in failing to perform on the date set forth therein, and that therefore they were entitled to the return of the $2,000 paid under the contract. The contract was executed by the parties on July 11, 1955, and provided that defendant would sell a certain piece of ground to plaintiffs and construct thereon a new split-level house in accordance with the plans and specifications attached to the contract. After the execution of the contract the parties further agreed that for an additional consideration plaintiffs would purchase from defendant an adjacent piece of ground. The complaint further set forth that a provision in the contract to the effect that a $2,000 ground settlement was to be paid before starting construction on the house was added by defendant after the signing of the contract. It was also averred that possession was to be delivered on October 1, 1955, and that as of the date of the preparation of the complaint (October 17, 1955) no substantial construction had been commenced. Defendant answered that the provision of the contract relative to the payment of $2,000 was added subsequent to the signing thereof by understanding of the parties,

and that the delay in delivering possession was caused by plaintiffs' failure to make timely payment of the $2,000 before the starting of construction on the house. The $2,000 was not paid until August 16, 1955, after which, according to defendant's answer, defendant "immediately started to fulfill the terms of the contract." Plaintiffs thereupon took the deposition of defendant's agent concerning a letter to which reference was made in the answer. Plaintiffs then moved for judgment on the pleadings which the court below granted. Defendant's subsequent petition to open the judgment and for leave to file an amended answer was refused. Defendant has appealed from the final judgment.

We recently had a similar situation before us in *Lehner v. Montgomery*, 180 Pa. Superior Ct. 493, 119 A. 2d 626, wherein our late colleague Judge Ross, reviewing the function of the court in passing upon a motion for judgment upon the pleadings, said (pages 500, 501 of 180 Pa. Superior Ct., page 630 of 119 A. 2d) : "Where the essential facts of a plaintiff's case are clearly admitted by the defendants, who set up no additional defense, then there is warrant to enter a final judgment on the pleadings, but where the admissions are at most technical, and strained at that, the judgment is most certainly improper. Under the circumstances, here a summary judgment should not have been entered. While Pa. R. C. P. 1034 allows a motion for judgment on the pleadings just before trial and gives the court the power to enter any order which is 'proper on the pleadings,' a final judgment should not be entered unless the case is clear and free from doubt. Vrabel v. Scholler, 369 Pa. 235, 239, 85 A. 2d 858. Since the motion is in the nature of a demurrer, the averments in the answer and every reasonable inference arising therefrom must be accepted as true, Cary v. Lower Merion School District, 362 Pa. 310, 66 A. 2d 762; pro-

vided, of course, the facts are properly pleaded. In this respect though, if there is a defect in the pleading which could be cured by amendment, the judgment should not be entered without affording an opportunity to amend. Holladay v. Fidler, 158 Pa. Superior Ct. 100, 102, 43 A. 2d 919. If the lower court felt that defendants had not set forth sufficient details of their defense on the question of the statute of frauds, it should have first given them an opportunity to correct the technical defects and then if they failed, enter the judgment. Philadelphia v. Pachelli, 168 Pa. Superior Ct. 54, 60, 76 A. 2d 436. All such doubts should have been resolved against the entry of the judgment. Murray v. Yoe, 170 Pa. Superior Ct. 348, 349, 85 A. 2d 623."

In our view the present proceeding is not one in which the elements essential to plaintiffs' case were so clearly admitted by defendant as to warrant the entry of a summary judgment. The basis of plaintiffs' complaint is that defendant breached the contract in failing to perform on the date fixed for the delivery of possession. The real question, therefore, seems to be whether the contract specifically provided that time for performance was to be of the essence. The provision providing for possession to be delivered on or before October 1, 1955, is a separate paragraph in the contract. Between this provision and the purported "time of the essence" provision is a paragraph, unrelated to the date for performance, pertaining to taxes. The paragraph relating to time follows the latter and reads: "SETTLEMENT to be made on or before . . . and said time is hereby agreed to be the essence of this agreement." No date was inserted. Obviously this provision does not relate or refer in any way to the paragraph in which it was specifically stated that possession was to be delivered by October 1, 1955. Since no date was agreed upon as being of the essence, the

contract became one in which performance, at least with respect to settlement, was to be within a reasonable time. *Suchan v. Swope,* 357 Pa. 16, 21, 53 A. 2d 116. Time is not of the essence in a contract unless it is specifically so provided or unless the circumstances clearly indicate that it was the intent of the parties. *Morrell v. Broadbent,* 291 Pa. 503, 505, 506, 140 A. 500. In the *Morrell* case, the clause relating to time being of the essence was virtually identical with the one in the instant case. The question there arose whether the clause intended that time with respect to all installment payments or merely the time for settlement was to be of the essence. The Supreme Court held the latter to be the proper construction, saying (page 506 of 291 Pa., page 501 of 140 A.) : "Clearly, 'said time' refers to the date of the settlement which immediately precedes it, consequently, it is clear that was the only date the parties deemed of sufficient importance on which to require exact performance." It follows that, had the parties in the instant case considered the date of settlement important enough to be of the essence, they would have filled in this blank in the contract. It is equally clear that the essence clause does not relate to the delivery of possession which they placed in a separate and unrelated paragraph. Cf. *Remington v. Irwin,* 14 Pa. 143, 145-147.

Being of the opinion that the time for delivery of possession was not of the essence, the question remains whether defendant's failure to deliver possession on October 1, 1955, amounted to a breach of sufficient materality to warrant plaintiffs' attempt to cancel the contract and demand the refund of the money paid. The failure to deliver possession on the date specified is admitted in defendant's answer, but it is further averred therein that the delay was caused by plaintiffs' action in postponing the payment of the ground cost until

August 16, 1955.[1] It is also averred in the answer that defendant began to fulfill the terms of the contract immediately upon receipt of the entire $2,000. Although lacking in detail, which may be supplied in an amended answer, it cannot be construed as a sufficient admission by defendant of an unwarranted failure to deliver possession by October 1, 1955, to justify a judgment on the pleadings. The reasonableness of defendant's delay, the excuse, as well as the extent and reasonableness of the subsequent performance and the time within which it was done, are in dispute, and as such are all matters for the fact-finder after full development of the facts. They are not for the court in a summary proceeding. See *Pittsburgh Rivet Co. v. Western Tool and Forge Co.*, 71 Pa. Superior Ct. 236; *Riddle Co. v. Taubel*, 277 Pa. 95, 96, 120 A. 776; *Springfield Fire and Marine Ins. Co. v. Brown*, 128 Pa. 392, 396, 18 A. 396; *Shepler v. Scott*, 85 Pa. 329, 332.

It is a recognized principle that, where time is not of the essence, the mere failure to perform on the date mentioned in a contract is not per se a breach which wholly destroys the contract. *Shrut v. Huselton*, 272 Pa. 113, 117, 116 A. 43; *Meehan v. Connell Anthracite Mining Co.*, 318 Pa. 481, 489, 178 A. 833; *Reilly v. City Deposit Bank and Trust Co.*, 322 Pa. 577, 584, 185 A.

---

[1] That this was a condition precedent to the start of construction must for instant purposes be accepted as true. The answer admits that this provision was inserted after the signing, but states that it was a provision which was "understood" by the parties. Whether this was a prior, contemporaneous, or subsequent understanding is not clear and should be clarified in an amended answer. The inference most favorable to defendant from the wording of this portion of the answer is either that it was a contemporary agreement which was mistakenly omitted by the scrivener or that it was a subsequent modification of the original purchase.

See, also, *Iseman v. Joe F. Sherman Company*, 377 Pa. 426, 434, 105 A. 2d 160.

620. Damages suffered by plaintiffs in the instant case in being deprived of the use of the home from the date specified in the contract to the date of actual occupancy could be adequately compensated in money (*Haigh v. Blaul,* 89 Pa. Superior Ct. 117, 119), assuming, of course, that the delay was unreasonable on the part of defendant and not caused by any fault of plaintiffs.

We cannot approve of the procedure followed by the court below in passing upon the motion for judgment on the pleadings. It appears that the court below considered the deposition taken by plaintiffs, which was outside the record. The motion for judgment on the pleadings under Pa. R. C. P. No. 1034 is in the nature of a final demurrer before trial. It is, as its name implies, directed to the pleadings, and its purpose is to determine whether on the pleadings it would be useless to proceed to trial. If the essential elements of a plaintiff's case or a defendant's defense are not pleaded or are admitted the court should, if the defect is clear and not amendable, enter the appropriate judgment. However, only the pleadings and documents properly attached thereto may be considered. See *McCoy v. Home Insurance Co.,* 170 Pa. Superior Ct. 38, 42, 84 A. 2d 249; *Allegheny City v. McCaffrey,* 131 Pa. 137, 142, 18 A. 1001; *First National Bank of Pittston v. Cawley,* 20 D. & C. 207, 208.

A party should not be required to submit to a summary judgment on the basis of matters outside the record, which he does not have an opportunity to fully develop, explain, or contradict as he would at a trial. We are not impressed by plaintiffs' argument that the deposition in the instant case was merely to produce an unattached document to which reference was made in defendant's answer. If defendant referred to and depended upon a document in her answer without at-

taching it to the pleadings the proper procedure would have been for plaintiffs to make a preliminary objection in the nature of a motion to strike off or a motion for more specific pleading. Pa. R. C. P. No. 1017. It cannot be assumed without question that the letter was a document upon which a part of the defense was based or that it was merely evidence of a matter averred in the answer. In the latter instance, it would not properly be a part of the pleading. In any event, innovations in the form of practice should not be countenanced where the rules adequately provide a procedural remedy.

Unquestionably, the answer in the instant case raised several factual issues. Although some of the averments might have been more clearly pleaded, they were present with sufficient clarity to preclude a motion for judgment on the pleadings. The motion should have been refused with leave to defendant to file an amended answer. The circumstances attendant upon the alteration of the contract, whether the failure to pay promptly the ground cost of $2,000 caused the delay in construction, whether said delay was reasonable and who was responsible for it, what steps, if any, were taken by defendant toward fulfillment of the contract and whether such action was with reasonable timeliness—are all matters which should be clarified by an amended answer and subsequently determined on the merits if the amended answer is otherwise sufficient to raise the issues. The present contract is not without ambiguity, purporting as it does to provide for the sale of ground and the construction of a house. The relations arising therefrom should be the subject of a full inquiry and a proper determination. *Kittaning Coal Co. v. Moore*, 362 Pa. 128, 132, 66 A. 2d 273. The instant case is not so clear and free from doubt as to demand a summary foreclosure of defendant's

right to an opportunity to amend her answer and proceed to trial if the defects in her original pleading are thereby cured. *Murray v. Yoe,* 170 Pa. Superior Ct. 348, 349, 85 A. 2d 623; *Tide Water Associated Oil Co. v. Kay,* 168 Pa. Superior Ct. 263, 267, 77 A. 2d 754.

Judgment is reversed with a procedendo.