## Geyer v. Challenger Trailers, Inc.

*McComb & Wolfe*, for plaintiff.

*David B. Fawcett, Jr.*, and *Dickie, McCamey, Chilcote, Rief & Robinson*, for defendant.

BROWN, J., April 2, 1958.—This matter is before the court en banc upon defendant's motion for judgment on the pleadings.

A motion for judgment on the pleadings is in the nature of a demurrer: London v. Kingsley, 368 Pa. 109; Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578. Only the pleadings and documents properly attached thereto may be considered: Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 320. Since the motion is in the nature of a demurrer, the averments in the answer and every reasonable inference arising therefrom must be accepted as true: Bogojavlensky v. Logan, supra, p. 316.

A judgment on the pleadings should be entered only in clear cases and where there are no facts in dispute: Wood v. Collingdale Borough, 366 Pa. 624, 626.

Viewing the pleadings in this case with the foregoing legal principles in mind, the following material facts appear:

Plaintiff, Harry Geyer, a resident of Ross Township, Allegheny County, rented an auto trailer at a public gasoline station from defendant, Challenger Trailers, Inc., a corporation. Plaintiff intended to move a piano, which fact was known to the service station attendant. After plaintiff had loaded the piano on the leased trailer, he attempted to secure it by means of a rope passing around the piano and tied to the side bars of the trailer. While so securing the ropes, the side bars of the trailer broke, causing plaintiff to fall to the ground whereby he sustained the injuries complained of. In leasing the trailer, plaintiff signed a lease which contained the following clause:

"The lessee assumes complete control and responsibility for the use, storage and operation of said leased chattel pursuant to this rental contract; and hereby undertakes, guarantees and assumes to save the Lessor harmless from any loss, damage, injury or liability to the Lessee or to any and all persons, partnerships or corporations sustained or resulting in any manner whatsoever from the use, storage or operation of said

leased chattel while in the control or possession of the Lessee or his agents."

Defendant in its "new matter" asserts that the above clause relieves it of all liability to plaintiff caused by the leasing of the trailer. Plaintiff in his "reply to new matter" denies that the lease has that effect.

The only issue before the court is the enforceability of the exculpatory clause in this lease for the rental of the trailer.

The lease in the instant case is a contract between the parties. Its enforceability can only be denied if there be fraud, accident, mistake or if its enforcement contravenes a public policy. There is no averment here of fraud, accident or mistake; therefore we look to see if there is any policy in the law that would prevent the enforcement of the contract. The only enactment that may touch on this point is The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1, et seq. Under the code, 75 PS §431, a vehicle must be periodically inspected. The code makes a distinction between trailers over and under 1,000 pounds in weight. Since neither party has alluded to the weight of the trailer in question, and the pleadings fail to reveal the weight, we will assume for the purposes of argumentation, that the trailer was over 1,000 pounds in weight. If the trailer was found to be under 1,000 pounds, the code does not require it to be inspected.

The inspection contemplated by the legislature goes to the mechanical operation of a vehicle, and its safety devices. It requires brakes in proper working order, certain type lights and reflectors. It is clear that the side bars of this trailer were outside the scope of this section of The Vehicle Code, and therefore failure to inspect the side bars, if that is the case, would not violate the provisions of the code.

Plaintiff averred that he could not discover the defect upon inspection, but nowhere does he plead that

defendant knew of the defect or could have discovered it by reasonable inspection. We know of no law that there is a warranty of suitability for a particular purpose in the leasing of auto trailers. Lacking public policy to relieve plaintiff of the effect of the written instrument, and lacking also any implied warranty of suitability and any allegation of fraud, accident or mistake, plaintiff's allegation as to inspection is of no moment.

As we see this transaction, it is an agreement between persons relating to their private affairs, and so cannot be opposed to public policy: Cannon v. Bresch, 307 Pa. 31, 35. This is in answer to plaintiff's argument in his brief to the effect that the lessor of a trailer and lessee are not on equal bargaining basis. Assuming arguendo that they were not on an equal bargaining basis, this would not ipso facto make their contract violative of public policy. Plaintiff was not forced to deal with defendant, because it is a well-known fact that there are other trailer rental agencies in this area.

We reject the argument of plaintiff that the law governing parking lot cases should apply to the instant case. In the parking lot cases, the persons to be protected, the public, are bailors, while in the instant case plaintiff and other members of the public who rent trailers, are bailees. The mischief to be prevented in the parking lot cases is not present here.

Clauses similar to the one in the instant case have been upheld in leases for the rental of real estate: Manius v. Housing Authority of the City of Pittsburgh, 350 Pa. 512. Chief Justice Stern sets forth the law on this subject in Boyd v. Smith, 372 Pa. 306, 309, which reads as follows:

"Defendant relies, as previously indicated, on the exculpatory clause of the lease relieving him from liability for injury or damage caused by fire even

though such injury or damage might result from his own negligence. Such a protective clause is undoubtedly valid and enforceable if it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or the State but merely an agreement between persons relating entirely to their private affairs . . ."

Plaintiff submitted a supplemental brief in which he relies on the case of Rothman v. U-Steer-It, Inc., 247 F. 2d 803. This case involved the rental of a motorboat which exploded because of a leak in the gas tank. We feel that that case is not controlling in the instant matter. The Rothman case was tried in admiralty, and the law of admiralty was applied and was so interwoven with other general principles that it cannot be said which ruled the case. Some of the admiralty principles applied in the Rothman case were the doctrine of seaworthiness and several statutes on marine safety. The very nature of the cause of the injuries in the Rothman case is so dissimilar from that in the instant case that the case can be distinguished on that ground alone. It is difficult to see any relation between an exploding gas tank and the mere breaking of the side bars on the trailer.

In accordance with the above, we must hold that the exculpatory clause in the lease is valid, and precludes plaintiff from recovering. We must therefore grant defendant's petition for judgment on the pleadings.

### Order

And now, April 12, 1958, after argument, submission of briefs and consideration thereof, it is ordered that the motion ex parte defendant for judgment on the pleadings be and hereby is granted, and judgment is entered for defendant.

Eo die, exception noted to plaintiff, and bill sealed.