# Niessen v. Playwicki Park Corporation

*H. Paul Kester*, for plaintiff.
*Stephen I. Weiss*, for defendant.

BIESTER, P. J., December 22, 1965. — In order to comprehend the nature of the problem presently before us, it appears necessary to briefly refer to the history of the proceedings.

This case was first before us as the result of what we described in our previous opinion as "defendant's multiple, perplexing and inept attacks upon the mechanic's lien claim". The lien claim was filed on October 2, 1959. On April 18, 1960, defendant filed a motion to strike the lien and, on February 23, 1961, ruled plaintiff to issue his scire facias, this while a rule to strike was still pending. The scire facias having

been issued on March 6, 1961, defendant, on April 25, 1961, filed, under the same backing, an affidavit of defense containing new matter and a demurrer. Following the filing of the replication to the new matter, defendant, on April 15, 1963, filed a motion for judgment on the whole record. By our opinion and order of December 6, 1963, all of defendant's motions were found to be without merit and were refused and denied.

On December 12, 1963, plaintiff ordered the case on the trial list, but immediately thereafter, on December 20, 1963, defendant filed certain interrogatories addressed to plaintiff, although the answers thereto could only be repetitious of the information previously obtained by defendant through the deposition of plaintiff's witnesses. Following the filing of the answer to the interrogatories, filed on November 16, 1964, defendant, on November 30, 1964, filed a motion requesting a more complete answer to the interrogatories and, in lieu thereof, seeking sanctions. The case having been scheduled for argument for January 20, 1965, defendant, on January 15, 1965, moved to strike the lien because more than five years had passed since the claim was filed and no judgment or verdict had been obtained.

Turning our attention to the interrogatories, interrogatory number four, the one in dispute, is as follows:

"State all of the facts upon which you base your conclusion in paragraph 3 of your statement of claim in that the structure was completed for L. J. Enterprises, Inc., with the knowledge and acquiescence of Playwicki Park Corp., giving the dates, times and places that these acts occurred".

This interrogatory was responded to as follows:

"Defendant's duly authorized agents visited the premises when the work was being performed on or about March 23, March 30, and mid-April, 1959. Defendant owned the ground and had a lease-purchase agreement with L. J. Enterprises, Inc. Defendant

made no effort to stop plaintiff from completing the work and has thereby accepted the benefit of plaintiff's performance, thereby acquiescing in the contract".

We deem this answer to be sufficient when coupled with the depositions of Irvin H. Niessen and a subcontractor, Edward G. Goodman. Whether or not such testimony will be deemed sufficient if repeated at trial for the purpose of maintaining the action, we do not believe we should be required to rule upon at this status of the case. See Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312. The motion to strike, by reason of the failure of plaintiff to reduce his claim to judgment within the limit of the time given him, presents a more serious problem. The claim was filed under the Mechanic's Lien Act of June 4, 1901, P. L. 431, which afforded claimant two years after the filing of his claim to file a scire facias and five years after the filing of the scire facias to obtain his verdict or judgment. The Mechanics' Lien Law of August 24, 1963, P. L. 1175, effective January 1, 1964, allows claimant only five years from the filing of his claim to obtain a verdict or judgment. It is defendant's contention that the five-year limitation of the latter act applies to the present lien.

Article VIII, 49 PS §1802 thereof, provides:

"This act shall take effect on the first day of January, 1964, but shall not apply to liens filed prior to said date except with respect to the practice and procedure prescribed by Article VII of this Act".

Article VII, 49 PS §1701(d), provides:

"Limitation on Time of Obtaining Judgment. A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost".

Since the claim in this case was filed on October 2, 1959, under the Mechanics' Lien Law of 1963, it was essential that plaintiff recover a verdict by October 2, 1964. If the limitation period of the 1901 Act applies, plaintiff would have five years from March 6, 1961, when the scire facias was issued, to recover a verdict.

Article VII, sec. 96 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §596, provides as follows:

"The repeal of any civil provisions of a law shall not affect, or impair any act done, or right existing or accrued, or affect any civil suit, action or proceeding, pending to enforce any right under the authority of the law repealed. Such suit, action or proceeding shall and may be proceeded with and concluded under the laws in existence when such suit, action or proceeding was instituted, notwithstanding the repeal of such laws, or the same may be proceeded with and concluded under the provisions of the new law, if any, enacted".

It appears, therefore, that the legislature looks with disfavor on statutes which alter, amend or limit the right of the moving party to proceed under the rights that had accrued to him prior to subsequent legislation which has the effect of abrogating such rights. However, in the instant case the intendment of the legislature is clear, and applying it to the present case, it requires a verdict be obtained by October 2, 1964.

This situation, however, does not necessarily rule the present proceedings, for when a period of limitation has been reduced, a reasonable time must be allowed to exercise the substantive right which existed at the time of the enactment of the new legislation. What constitutes such a reasonable time is a matter to be judicially determined: Ferki v. Frantz's Transfer Company, 152 Pa. Superior Ct. 267, 269; Kennedy v. Holmes Construction Company, 147 Pa. Superior Ct. 348, 358.

What this reasonable time is we believe to be a matter of judicial discretion, depending upon the facts in each case. In the instant case, defendant has filed many dilatory and vexatious pleadings, all of which we have deemed to be without merit. As noted heretofore, following our opinion of December 6, 1963, plaintiff moved promptly to proceed with the trial, but was again thwarted by the filing of superfluous interrogatories. Although it cannot be said that plaintiff has always acted as promptly as he might have, the primary cause in the delay of the disposition of the case lies with defendant, and we regard it as unjust to permit it to take advantage of its tactics and to find that the reasonable time afforded plaintiff to reduce his claim to judgment has now expired.

ORDER

And now, to wit, December 22, 1965, defendant's motion for more specific answers to its interrogatories and defendant's motion to strike the mechanic's lien claim are hereby denied, overruled and refused.