## Session v. Yack

Levin, Levin & Levin, for plaintiffs.

S. J. Marks, for defendants

WEINROTT, J., November 17, 1958.—Plaintiffs, husband and wife, seek specific performance of an agreement of sale for real estate situate and known as 5768 Jefferson Street, Philadelphia. Defendants' an-

swer posed the issue as to whether plaintiffs were in default by their alleged failure to obtain mortgage approval by April 30, 1958. . .

## Discussion

The question in this case is finely drawn. Its core rests upon the meaning of the clause:

"This sale is subject to the purchasers securing an FHA mortgage of $11,500.00. If same is not secured all deposit monies are to be refunded and this sale will be null and void. It is agreed that mortgage approval will be obtained by April 30, 1958."

Plaintiffs assert that this provision was inserted solely for their benefit for the reason that they need a place to live and they did not want their money to be tied up for too long a period of time if they could not complete the purchase. The testimony of the real estate agent confirms this position. Certainly, the first two sentences thereof are clearly intended for the sole benefit of the purchasers. The third sentence, however, could well be intended to favor both of the parties. It is nevertheless ambiguous. For example, what is meant by mortgage approval and who is to obtain the same? Is "mortgage approval" intended to refer to an informal approval of the loan by the lending institution pending the formal issuance of the FHA commitment for insurance and the formal mortgage commitment by the mortgagee? We believe the said date referred to an informal approval; otherwise technical words such as written commitment would have been used. If it had been the intention of the parties that mortgage approval meant the issuance to the commitment for insurance by the FHA and the formal mortgage commitment by the lending institution prior to that date, then why was it not so provided? We bear in mind the fact that the agreement was drawn by a real estate broker.

In the absence of any express provision specifically stating that time is of the essence or of circumstances clearly indicating that such was the intent of the parties, the procurement of the mortgage approval by April 30, 1958, was not of the essence of this agreement. The cases of Morrell v. Broadbent, 291 Pa. 503, and Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, hold that where interim installment payments of money are required prior to settlement under an agreement of sale, time is not of the essence unless it is specifically stated or the circumstances indicate it. We find nothing in the agreement of sale or in the surrounding circumstances which would have warranted the action of defendants within five days after the dateline of April 30. Moreover, the fact that they thereafter entered into an agreement of sale for a purchase price therein stated to be $13,500, reflects on their good faith in the attempted cancellation. If we consider the transaction in the light of the position of defendants, we find that the consummation thereof and the carrying out of all of the terms of the agreement of sale could have been effectuated by the settlement date fixed therein without any detriment to defendants.

The court determines that time was not intended by the parties to be of the essence insofar as it related to the obtaining of the formal mortgage approval and further, that mortgage approval as set forth in the agreement referred merely to the informal approval of the lending institution which was not shown by defendants to be unavailable prior to April 30, 1958.

We conclude, therefore, that plaintiffs are entitled to a decree specifically enforcing the agreement of sale.

### Conclusions of Law

1. The terms "mortgage approval" as indicated in the agreement of sale dated February 25, 1958, did

not require the issuance of a formal commitment by the lending institution prior to said date.

2. Time was not of the essence insofar as it related to the provision that mortgage approval was to be obtained by April 30, 1958.

3. Defendants' letter of May 5, 1958, had no effect on the agreement of sale since plaintiffs were not in default at that time.

4. Plaintiffs are entitled to a decree of specific performance of the agreement of sale.

5. Plaintiffs' requests for conclusions of law nos. 1 to 3, inclusive, and nos. 5 and 6 are affirmed; no. 4 is denied.

6. Defendants' requests for conclusion of law no. 1 is affirmed; nos. 2 to 6 inclusive, are denied.

### Order

And now, to wit, November 17, 1958, the court enters the following:

### Decree Nisi

It is hereby ordered, adjudged and decreed as follows:

(1) That defendants, Harry Yack and Freda S. Yack, his wife, are hereby directed to execute a valid deed conveying to plaintiffs, Albert S. Session and Bessis W. Session, his wife, premises 5768 Jefferson Street, Philadelphia, more particularly described as follows:

"ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, described according to a Survey and plan thereof made by George T. Shegog, Surveyor and Regulator of the 7th District on the 30th day of August A. D. 1941 as follows, to wit:

"SITUATE on the Southeasterly side of Jefferson Street (70 feet wide) at the distance of 569.329 feet Southwestwardly from the Southwesterly side of 57th

Street (80 feet wide) in the 52nd Ward of the City of Philadelphia, thence extending South 83 degrees 40 minutes 31 seconds West along the said Southeasterly side of Jefferson Street, 16.160 feet to a point, thence extending Southeastwardly on a line at right angles to the said Jefferson Street, passing through the center line of a 9 inch party wall between this and the premises adjoining on the Southwesterly end thereof 91 feet to a point in the center line of a certain 15 feet wide concrete driveway laid out parallel with the said Jefferson Street and extending Northeastwardly into the said 57th Street and Southwestwardly into a certain other 15 feet wide driveway which extends Northwestwardly into the said Jefferson Street, thence extending North 83 degrees 40 minutes 31 seconds East along the center line of the first mentioned 15 feet wide driveway, 16.060 feet to a point; thence extending Northwestwardly on a line at right angles to the said Jefferson Street 23.470 feet to a point; thence extending North 6 degrees 12 minutes 26 seconds West passing through the center line of a 9 inch party wall between this and the premises adjoining on the Northeasterly end thereof, 49.79 feet to a point; thence extending further Northwestwardly on a line at right angles to the said Jefferson Street 17.740 feet to a point on the said Southeasterly side of Jefferson Street, being the first mentioned point and place of beginning.

"TOGETHER with the free and common use, right liberty and privilege of the aforesaid driveways as and for driveways, passageways, watercourses at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.

"Subject however, to the proportionate part of the expense of keeping the said driveways in good order and repair. No. 5768 Jefferson Street."

(2) That plaintiffs shall make payment to defend-

ants of the balance of the purchase money under the agreement of sale.

(3) That settlement be consummated within 10 days from the date of this decree.

(4) That defendants shall bear the costs of these proceedings.

The prothonotary shall give notice to the parties or their counsel of record of the entry of this decree nisi and, if no exceptions thereto are filed within 20 days thereafter, the decree shall be entered as the final decree by the prothonotary as of course.