### Julius v. Woolridge

*Harry C. Elsesser, Jr.*, for plaintiffs.
*Robert H. Griffith*, for defendants.

BLAKEY, J., April 18, 1972.—This action is before the court on defendants' preliminary objections in the nature of a demurrer to a complaint seeking specific performance and monetary damages based upon an alleged breach by defendants of their agreement to sell real estate to plaintiffs.

By agreement attached to the complaint, defendants contracted to sell to plaintiffs real estate known as 472 Hillcrest Road, Spring Garden Township, York County, Pa., for the sum of $23,000. The agreement was stated to be subject to the condition that:

"Buyer obtaining a $20,700 mortgage for a term of 25 years with interest at 8¼ percent which shall be obtained by January 14, 1972. The seller or the seller's agent shall not be responsible to assist in obtaining financing for the buyer."

Thereafter, by standard language set forth in four separate paragraphs the agreement defines the understanding of the parties as to the state of title, additional items included in the sale, the time for delivery of possession, and for proration of taxes. These terms of the agreement are followed by a separate paragraph which provides:

"SETTLEMENT to be made on or before February 1, 1972 and said time is hereby agreed to be the essence of this agreement. It is mutually agreed that should either party hereto fail or neglect to perform his part of this contract, the injured party may, at his option, elect to pursue his remedy for specific performance of this contract or accept a sum equal to ten (10%) percent of the agreed price of sale as liquidated damages, which said sum the other party hereby agreed to pay. Formal tender of deed and tender of money is hereby waived."

The complaint avers prompt application for the mortgage by plaintiffs and approval of same January 21, 1972, seven days after the date specified in the contract for such approval. Plaintiffs further aver that they otherwise complied with the terms and conditions of their agreement and were ready, willing and able to effect settlement on February 1, 1972, but that defendants refused to perform.

The issue before the court is whether defendants' refusal is justified by failure of plaintiffs to obtain mortgage approval by the specific date stated in the agreement.

It is clearly the law of this Commonwealth that time is not of the essence unless the contract specifically so provides or unless the circumstances clearly indicate that such was the intent of the parties: Knable v. Bradley, 430 Pa. 153 (1968).

Further, the courts will not extract a provision stating that time is of the essence as far as settlement is concerned and apply such requirement to other paragraphs and conditions of the agreement. In Morrell v. Broadbent, 291 Pa. 503 (1928), a sales agreement required certain installment payments on specific dates, then provided for various details such as insurance, title, fixtures, taxes, and date of possession, and thereafter contained the clause "settlement to be made on or before November 1, 1925, and said time is hereby agreed to be the essence of this agreement." The court held, page 506:

"Clearly, 'said time' refers to the date of the settlement which immediately precedes it, consequently, it is clear that was the only date the parties deemed of sufficient importance on which to require exact performance."

In the more recent case of Bogojavlensky v. Logan, 181 Pa. S. 313 (1956), the court again confined an es-

sence clause contained in the settlement paragraph to the date of settlement and held that the same did not apply to the required date for delivery of possession. The language and the placement of the essence clause in Morrell and Bogojavlensky is virtually identical to the language and placement of the clause in the agreement at issue. We are obliged to reach the same conclusion that said clause does not extend to the date specified for mortgage approval.

If time is not of the essence, the parties have a reasonable time to comply with contract conditions: Knable v. Bradley, supra, Session v. Yack, 18 D. & C. 2d 333 (1958). In the latter case, this doctrine was applied to a requirement to obtain mortgage approval by a specific date and the court held that purchasers who obtained such approval shortly thereafter were entitled to specific performance.

Accordingly, we enter the following:

## ORDER

And now, to wit, April 18, 1972, the preliminary objections of defendants are overruled with leave to file an answer on the merits within 20 days of this date.

An exception is granted to defendants.