## Blatt v. Blythe

*Thomas O. Malcolm* and *Morris Zacker,* for plaintiffs.

*John L. Lachall,* for defendants.

KENT, J., March 15, 1973.—This matter comes before the court on plaintiffs' complaint in equity in which they pray for the specific performance of a contract to sell real property. After hearing thereon, we make the following

## FINDINGS OF FACT

1. Plaintiffs are Martin R. Blatt and Lilia M. Blatt, his wife, and Howard R. Grumpelt and Lillian Grumpelt, his wife. Defendants are John Blythe and Marie Blythe, his wife.

2. At all times mentioned herein, defendants were the owners of a tract of ground together with the improvements thereon comprising 15 acres of land, more or less, in East Fallowfield Township, Chester County, Pa.

3. On January 3, 1972, a form of written agreement of sale providing for the sale of the aforesaid real property by defendants to plaintiffs was reviewed by all parties. Said agreement of sale contained, inter alia, the following provisions:

"It is understood and agreed that this agreement is contingent upon purchasers obtaining a mortgage commitment in the minimum amount of $10,000.00 for 20 years at an interest rate not to exceed 7¼ percent per annum within forty-five days of date hereof. In the event said mortgage commitment is not issued within time specified this agreement shall be rendered null and void and all down monies shall be immediately returned to buyers.

"A policy of Fire Insurance for $_____ to be transferred to said party of the second part upon payment of the premium, less the discount named in policy.

"The premises are to be conveyed free and clear of any and all incumbrances and easements excepting however the following: existing building restrictions, ordinances, easements of roads, privileges or rights of public service companies, if any; or easements or restrictions visible upon the ground,

"The gas and electric fixtures, heaters, ranges, etc., annexed to the said building are to be included in the sale, as also any water pipe laid on any street bounding said lot.

"Possession is to be given at time of final settlement.

"Taxes, water rent, house rent, interest on incumbrance (if any) to be apportioned for the current term.

"All Real Estate Transfer Taxes imposed by any government body shall be borne equally by seller and buyer.

"Gas, and Electric bills, if any, to be paid by the seller.

"The title is to be such as will be insured by any reputable title insurance company at standard rates.

"And the said parties hereby bind themselves, their heirs, executors, administrators or assigns, for the faithful performance of the above agreement within forty-five days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon."

4. At said meeting, plaintiff, Martin R. Blatt, orally requested that the date of settlement be extended to February 28, 1972, which extension was assented to by all other parties without further discussion. The said Martin R. Blatt thereupon added the words "settlement to be held on or before February 28, 1972," in his own hand immediately following the words "possession is to be given at time of final settlement." The said agreement was then executed by all parties.

5. Pursuant to the said agreement of sale and con-

temporaneously with the execution thereof, plaintiffs paid to defendants the sum of $1,000.

6. Plaintiffs gave no notice to defendants of having obtained a mortgage commitment on or before February 17, 1972.

7. On February 17, 1972, defendants' attorney sent a letter to plaintiffs advising plaintiffs that the agreement of sale was null and void by reason of defendants' not having received notice of mortgage commitment prior to February 17, 1972.

8. On February 18, 1972, plaintiff, Martin R. Blatt, sent to defendants a letter advising that the buyers were ready, willing and able to complete settlement and further advising defendants of the scheduling of such settlement for Monday, February 28, 1972, at 9 a.m., at the offices of the Title Abstract Company of Pennsylvania, specifying the address of said office.

9. On February 18, 1972, defendants' attorney sent to plaintiff a letter enclosing a check payable to plaintiffs in the amount of $1,000 tendered as a return of the deposit money. Said letter was refused by plaintiffs and subsequently returned to defendants' attorney.

10. On February 28, 1972, at 9 a.m., plaintiffs appeared at the offices of the Title Abstract Company of Pennsylvania, at which time they deposited with an officer of said company the remaining consideration due on the agreement of sale.

11. Defendants did not appear at the offices of said title company and have since refused to make settlement with plaintiff.

## DISCUSSION

The sole issue presented for determination is whether or not plaintiff-buyers' failure to obtain or give notice of obtaining mortgage commitment within 45 days of the date of the agreement rendered the same

null and void. In equity, time is not ordinarily regarded as of the essence of a contract in the absence of an express agreement by the parties that performance is to occur on or before a date certain, *and* that time is of the essence: Knable v. Bradley, 430 Pa. 153 (1968); New Eastwick Corporation v. Philadelphia Builders Eastwick Corporation, 430 Pa. 46 (1968); Morrell v. Broadbent, 291 Pa. 503 (1928); Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312 (1956).

In the subject contract, the mortgage commitment contingency clause provides for the obtaining of such a commitment within 45 days of the date of the agreement; that is, by February 17th, the agreement having been executed January 3rd. The typewritten commitment clause contains no provision that time be of the essence. This provision is followed by eight further paragraphs providing for fire insurance, liens and encumbrances, fixtures, delivery of possession and settlement date, tax and rent apportionment, payment of transfer taxes, payment of utility bills and an insurable title provision. These are followed by the concluding paragraph providing, "and the said parties hereby bind themselves, their heirs, executors, administrators or assigns for the faithful performance of the above agreement within 45 days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon."

In the case of Morrell v. Broadbent, supra, an agreement for the sale of real estate provided for a payment to be made at the time of execution, a second payment to be made on or before a specified date, and the balance of the consideration at settlement. This was followed by a variety of clauses dealing with various aspects of the transaction, the last of which fixed a date for settlement and was followed by the language " 'and said time is hereby agreed to be the essence of this

agreement.' " When the vendee failed to make the second payment within the specified time, the vendor treated the contract as null and void and the vendee brought an action for specific performance.

In discussing whether or not the time of the essence provision applied to the installment payment as well as the settlement date, it was stated:

"The contract here involved contained such stipulation [time of the essence], but the dispute is whether it applies to all payments to be made or only to the time of final settlement. We are of opinion the latter construction is the proper one. The provisions for payment of the installments are found at the beginning of the written agreement. This language is followed by various details relating to liens and encumbrances, insurance, title, fixtures, taxes, date on which possession is to be delivered, etc., and then follows the clause 'settlement to be made on or before November 1, 1925, and said time is hereby agreed to be the essence of this agreement.' Clearly, 'said time' refers to the date of the settlement which immediately precedes it, consequently, it is clear that was the only date the parties deemed of sufficient importance on which to require exact performance": Morrell v. Broadbent, 291 Pa. 503 at 506.

The holding of the Morrell case was followed in Bogajavlensky v. Logan, supra, and Session v. Yack, 18 D. & C. 2d 333 (1958).

We believe that reasoning is equally applicable to the case at bar. In the instant contract, the mortgage commitment provision does not specifically make time of the essence. It is followed by a variety of other provisions, including one added by hand immediately prior to execution of the contract, agreed to by all parties, which extended settlement date to February 28th, in contradiction of the original 45-day provision.

These clauses are followed by a performance clause which repeats the 45-day term and provides that said time is to be the essence of the agreement.

It is apparent that the original contemplation of the parties was that the obtaining of the mortgage commitment and the performance of the agreement by settlement were both to occur within the 45-day period. An extension of settlement by 11 days was readily agreed to by all parties and noted in writing on the agreement without discussion of the mortgage commitment clause and without a change in the performance clause.

Under these circumstances, we find that the time of performance of the mortgage commitment provision was not of the essence of the agreement and that plaintiffs' failure to have so performed on or before February 17th did not render said agreement null and void. Where time of performance is not of the essence of an agreement, the same must be performed within a reasonable time depending upon the circumstances of the case: L.C.S. Colliery, Inc. v. Globel Coal Company, 369 Pa. 1 (1951); Glover v. Grubbs, 367 Pa. 257 (1951); Marshall Construction Company v. Forsyth, 359 Pa. 8 (1948). Under the circumstances of the present case, we find that plaintiffs' demonstrated ability to perform their agreement by February 28th was within a reasonable time.

We accordingly make the following

## CONCLUSIONS OF LAW

1. The parties entered into a valid agreement for the sale of real estate.

2. Said agreement provided for plaintiff vendees obtaining a mortgage commitment within 45 days of January 3, 1972, which time was not of the essence of the agreement.

3. That plaintiff-vendees were ready, willing and able to perform the said agreement on February 28, 1972, which performance was within a reasonable time.

4. Plaintiff-vendees are entitled to the equitable relief sought herein.

### DECREE NISI

And now, to wit, March 15, 1973, defendants are hereby ordered and directed to convey the premises to plaintiffs upon payment by plaintiffs of the balance of net proceeds in accordance with the agreement of sale. Unless exceptions be filed within 20 days after notice of the filing of this adjudication, judgment shall be entered by the prothonotary in favor of plaintiffs and against defendants on praecipe. Upon the failure of defendants to convey the said premises within 20 days after entry of a final decree herein, the Prothonotary of the Court of Common Pleas of Chester County, Pa., shall execute, acknowledge and deliver to plaintiffs appropriate deed of conveyance of said premises upon payment to the said prothonotary of the said sum.