# PHILADELPHIA, TO USE, v. E. L. BAKER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 16, 1891—Decided February 16, 1891.

An affidavit of defence to a scire facias sur a municipal claim for paving a street, in a city having the primary right to determine the mode and style of paving, averring that the street had previously been graded and macadamized at the expense of abutting owners, was in good order and needed no repair when the paving claimed for was done, was insufficient, in that it did not aver that the city approved the kind or quality of the previous paving.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 132 July Term 1890, Sup. Ct.; court below, No. 111 M. L. D., C. P. No. 2.

On August 30, 1889, the city of Philadelphia, to use of John M. Mack, issued a scire facias sur municipal claim for paving, etc., against a lot of ground, etc., on Miller street, owned by Emily M. Baker. The claim set out the right to recover from the defendant, as owner or reputed owner of said lot of ground, the sum of $546.21, the cost of 245.96 square yards of cartway paving with vitrified bricks, including measuring charges and collection commissions, " which said paving was done pursuant to a contract made under the authority and in accordance with the provisions of an ordinance of the city, approved June 25, 1888, Ordinances of 1888, p. 194, and is charged at the contract price; and said bill for said paving was served on the owner of said lot more than thirty days prior to the filing hereof, in accordance with the provisions of the ordinance approved May 3, 1855."

The defendant filed an affidavit of defence averring as follows:

" That, about the year 1874, that portion of Miller street,

---

* See Greensburg Bor. v. Laird, 138 Pa. 533.

Arguments.

upon which defendant's property fronts, was graded and macadamized, in the best manner and with the best materials, at the cost and expense of the owner at that time of the property of defendant aforesaid and other property owners abutting on said Miller street, from Wistar street, where said Miller street commences, for a distance of about 300 feet southwardly. And the said macadamizing was in the style universally adopted for years past in the Twenty-second ward of said city, where said property is situated.

"The said Miller street, from that time, has been and continued to be in perfect order and repair in that portion thereof macadamized as aforesaid; yet, during the year 1888, while the said street was needing no repair, the director of public works of the city of Philadelphia, in pursuance of an ordinance of councils, approved June 25, 1888, entered into a contract with the said John M. Mack to re-pave said street with vitrified bricks, in consequence whereof the said macadamizing was torn up from the cartway of said Miller Street, the materials thereof, which had been laid in said street by the owners of the premises abutting thereon as aforesaid, at their own expense, carted away and removed, and in the place thereof the said vitrified bricks were laid.

"Deponent avers that the said vitrified pavement is experimental and inferior in quality in its uses and purposes to the macadamized pavement torn up and removed as aforesaid, and defendant's consent was not obtained that the said vitrified pavement should be laid; and the same was an unnecessary and useless extravagance, and not an improvement of said Miller street for public purposes.

"Deponent is advised and suggests to the court that the said ordinance of councils cannot in law impose any liability upon defendant, to pay for said re-paving for which this lien is filed."

On May 24, 1890, a rule for judgment for want of a sufficient affidavit of defence was made absolute. Judgment for the plaintiff having been entered, the defendant took this appeal, assigning the order making absolute the rule for judgment, for error.

*Mr. R. C. McMurtrie* (with him *Mr. Chas. L. Smyth*), for the appellant.

Opinion of the Court.

That the macadamizing done in 1874 was a paving under the rule established in Hammett v. Philadelphia, 65 Pa. 146, counsel cited: Wistar v. Philadelphia, 111 Pa. 604; Williamsport City v. Beck, 128 Pa. 147; Orphan Asylum's App., 111 Pa. 135.

*Mr. William W. Smithers* (with him *Mr. Elias P. Smithers*), for the appellee.

Counsel cited: Dillon on Mun. Corp., §§ 686, 780; Stroud v. Philadelphia, 61 Pa. 255; Lea v. Philadelphia, 80 Pa. 315; Brientnall v. Philadelphia, 103 Pa. 156; Michener v. Philadelphia, 118 Pa. 535; Philadelphia v. Jewell, 135 Pa. 329; Alcorn v. Philadelphia, 112 Pa. 494; Philadelphia v. Cadwalader, 20 W. N. 14; Seely v. Pittsburgh, 82 Pa. 360; Craig v. Philadelphia, 89 Pa. 265; Commonwealth v. Philadelphia, 11 W. N. 485.

PER CURIAM:

It is a settled rule that whatever is contained in an affidavit of defence must be treated as verity upon a motion for judgment. And we may assume, as a general proposition, that a defendant will state his case as strongly in such affidavit as the facts will warrant. The converse of the above rule is that we cannot supply omissions in the affidavit, if there be any. We cannot presume that facts exist, essential to the defence, if they are not averred. A defective affidavit may be, and often is, cured below by filing a supplemental one; but, when the case reaches this court upon appeal, we must take it precisely as the affidavit discloses it. In this case, it does not go far enough to raise the question which was argued at bar. It was there conceded that the city has the right to determine the mode and style of paving primarily, yet there is no averment that the city in any way recognized the kind or quality of pavement which the defendant alleges was placed on Miller street.

Judgment affirmed.