Harvey Taylor, individually, and as President of Penn Erection and Rigging Company, et al., Appellants *v.* The Township of Wilkins, Appellee.

Argued May 7, 1981, before President Judge Crumlish and Judge Rogers and Blatt, sitting as a panel of three.

*Maureen Dunn Harvey, Wallace, Chapas & Gravina,* for appellants.

*John M. Means, Markel, Schafer & Means,* for appellee.

Opinion by Judge Rogers, June 16, 1981:

The Township of Wilkins, Allegheny County, brought suit in equity against Harvey Taylor, individually and as president of several enterprises by which Taylor conducted his businesses of erecting

steel structures, doing heavy rigging and clearing sites of train derailments at a property located in the township's commercial zoning district. The suit sought injunctive relief restraining Taylor from storing the detritus of his businesses, which included such things as crane parts and railroad ties, in the front yard of his property, contrary to the township zoning ordinance and directing him to erect a fence around that portion of his property lawfully to be used for storage, including along the fifty foot front set back line as required by another township ordinance. After hearing the chancellor, Judge ROBERT S. GRIGSBY, filed an adjudication and a decree nisi granting the relief sought by the township, which, after the dismissal of the exceptions, was entered as the final decree, from which Taylor has now appealed.

Taylor's principal defense below was that he was entitled as of right to use his front yard in nonconformity with zoning because he had been engaged in such use since 1957, a date before enactment of any regulations by the township; the chancellor on substantial evidence found the facts to be otherwise. Taylor's principal and only substantial contention on the occasion of this appeal is different: he now says that his use of the front yard for storage is and has always been a permitted use because the zoning requirement that front yards be "open and unobstructed" has reference only to obstructions by buildings, not by movable things such as he keeps there. A careful examination of the pleadings, especially the exceptions to the chancellor's adjudication, reveals that this issue was not raised in the trial court. It may not, therefore, be the subject of a question on appeal.

The defenses which were raised below were all addressed and properly disposed of in Judge GRIGSBY's adjudication as well as in the opinion of Judges

SILVESTRI and ZAPPALA on exceptions. We reproduce the latter:

"This suit arises out of an equity action filed by the Plaintiff, Township of Wilkins, against the Defendants, Harvey Taylor, Penn Derailment Service, Penn Erection and Rigging Company and Harvey Taylor as President of the aforementioned corporations, to compel compliance with certain municipal Zoning ordinances. In summary these ordinances require the enclosure by fence of any storage area Ordinance No. 549, and the existence of a 50 foot front yard set-back for commercial property Ordinance Nos. 542 and 303. After conducting hearings on the matter, the trial judge entered a decree *inter alia,* enjoining the said defendants from further violation of the ordinances and directing the Defendants to comply specifically with the provisions of Ordinance No. 549, (i.e. the erection of a fence to encompass the Defendants' storage area). From this Adjudication, the Defendants have filed Exceptions alleging that the trial judge erred in failing to address the issue of res judicata; erred in his conclusions of law; and erred in his findings of fact. It is based upon these assertions that this matter is again before this Court.

"It is well settled that the findings of the trial judge sitting as a trier of fact will not be disturbed unless there is a determination that the decision of the trial judge is not based upon competent evidence or that the trial judge based his decisions on an erroneous application of the law. *Courts v. Campbell,* 245 Pa. Super. 326, 369 A.2nd 425 (1976); *E. I. DuPont de Nemours and Co., Inc., v. Berm Studios, Inc.,* 211 Pa. Super. 352, 236 A.2nd 555 (1967).

"In this dispute the trial judge heard contradictory testimony in support of and in opposition to factual disputes of this controversy. As a trier of fact the trial judge had the opportunity to observe the demean-

or of each witness in determining the veracity of their testimony. Consequently, this court will not disturb the trial court's finding of fact when, as is the case here, a review of the record indicates that there is sufficient evidence to justify the trial courts decision.

"The Defendants allege that the trial judge was in error in that he failed to address the issue of res judicata. Rule 1030 of the Rules of Civil Procedure states that all affirmative defenses, such as res judicata, shall be pleaded by way of new matter. By an Order of Court dated July 11, 1977, the Defendants were granted leave to raise the issue of res judicata in response to the amended complaint. However, the Defendants failed to do this, thereby waiving this defense. Therefore, the trial judge was correct in not considering this issue.

"Furthermore, the Defendants' allegation that the trial judge erroneously applied the law in his determination, in that the Defendants' failed to establish a non-conforming use, is unfounded. To establish a non-conforming use, the Defendants have the burden and must prove that the use of the property complained of was at the time the relevant zoning restriction is enacted [sic]. *Township of Haverford v. Spica,* 16 Pa. Comwlth. 326, 328 A.2nd 878 (Pa. Cmwlth. 1974). It appears from the record that this principle was applied by the trial judge in his determination that the Defendants failed to establish a nonconforming use. Therefore, the trial judge's conclusion that the Defendants are in violation of Ordinance Nos. 303 and 542 must stand.

"Finally, the Defendants contend that the trial judge incorrectly held that the Plaintiff was not guilty of laches.

"Being used in the manner asserted at the time. . . Laches is an equitable remedy used to prevent the complaining party from instituting an action when he

is guilty of the lack of due diligence in proceedings, resulting in prejudice to another. The determination of laches is a factual question involving more than mere passage of time. The trier of fact must look to the surrounding circumstances to determine the reason for the delay and whether the delay has caused prejudice to the other party. *Mulholland v. Pittsburgh National Bank*, 418 Pa. 96, 209 A.2nd 857 (1965). The record indicates that the Township put the Defendants on notice of the Ordinance violations as early as 1972, and refrained from prosecution based upon assurances that the violations would be corrected. In addition, there also was testimony that several actions were filed at the local magistrate's office during 1973 and 1974, but were not pursued because of the Defendants' promised compliance with the ordinances. Based upon these facts the trial judge properly concluded that the application of the doctrine of laches was unfounded.''

Order affirmed.

### Order

And Now, this 16th day of June, 1981, the order of the Court of Common Pleas of Allegheny County is affirmed.