The Borough of Fairview *v.* Property Located at Tax Index No. 48-67-4 etc. Joseph R. Arendash and Marie S. Arendash, his wife, Appellants.

Submitted on briefs October 4, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Robert D. Hain,* for appellants.

*Christine Hall McClure, McClure, Dart, Miller, Kelleher & White,* for appellee.

OPINION BY JUDGE DOYLE, December 29, 1982:

This is an appeal by Joseph and Marie Arendash (Appellants) from an order of the Court of Common Pleas of Erie County overruling an Affidavit of Defense to a Writ of Scire Facias Sur Municipal Lien.[1] We affirm.

The relevant facts in this case are brief. On April 11, 1979, the Fairview Borough Council passed an ordinance which provided for the installation of storm sewers and the grading, curbing and paving of certain streets, including Wellman Drive. The Arendash property, which is located in Fairview *Township,* outside the Borough boundary line, fronts on Wellman Drive. The improvements were completed and the

---

[1] We are not certain what the Court of Common Pleas intended in "overruling" the Affidavit of Defense. We therefore consider the action taken to be on a rule for judgment for want of a sufficient affidavit of defense. *See* Section 19 of the Municipal Claims Act, Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §7271.

Arendash property was assessed by the front foot method a total of $12,837.65 as its share of the improvements. No money was paid and the Borough proceeded to enforce its assessment through the writ of scire facias sur municipal lien. Appellants' defense to the writ avers that the land is not benefitted by the improvements and that the Borough is without authority to assess property which lies entirely outside its boundaries.

Section 1773 of the Borough Code (Code), Act of February 1, 1966, P.L. (1965)        , *as amended,* 53 P.S. §46773 provides:

> Whenever any street, more than one-half the width of which is within the limits of any borough, shall divide such borough from any other municipality or township, such street may be improved by the borough within which the greater width is located, in the same manner as if such street were entirely located within the limits of said borough. The property abutting on the side of such street, which is located outside the limits of the borough making such improvements, shall, for a depth of one hundred and fifty feet, plus one-half the width of said street, from its center line, be assessed for any and all municipal improvements to or on the said street in the same manner as such property would be assessed under the laws of the Commonwealth if it were entirely located within the limits of such borough.

Section 1774 of the Code similarly provides for the assessment of property outside the borough which abuts streets wholly within the borough. 53 P.S. §46-774.

It is axiomatic that a property must be benefitted in order to sustain an assessment for improvements, but benefit to abutting property is presumed in the

improvement of a street and the property owner has the burden to rebut the presumption. *Palmer Township Municipal Sewer Authority v. Witty*, 479 Pa. 240, 388 A.2d 306 (1978); *Whitemarsh Township Authority v. Elwert*, 413 Pa. 329, 196 A.2d 843 (1964); *Exeter Township Authority v. Eways*, 36 Pa. Commonwealth Ct. 530, 388 A.2d 1131 (1978); *Township of Harborcreek v. Erie Drive-In Theatre Corporation*, 27 Pa. Commonwealth Ct. 294, 367 A.2d 348 (1976). The record in this case shows no pleading of facts by Appellants to rebut the presumption of benefit from the improvements. The record shows merely the bald allegations in argument that the property is not benefitted and that the Borough lacks authority to assess beyond its boundaries.[2] This does not rebut the presumption that the property is benefitted[3] and we decline to remand for the development of evidence as to matters not pleaded in the first instance.

ORDER

Now, December 29, 1982, the order of the Court of Common Pleas of Erie County overruling the Affidavit of Defense to the Writ of Scire Facis Sur Municipal Lien in the above referenced matter is hereby affirmed.

---

[2] Appellants assert before this Court that the property is actually harmed by improper drainage caused by the road improvements and that the land is not zoned residential and is not therefore benefitted. Appellants did not include these allegations in their Affidavit of Defense and did not raise these issues before the Court of Common Pleas; they cannot be first raised here. *Taylor v. Township of Wilkins*, 60 Pa. Commonwealth Ct. 65, 430 A.2d 1014 (1981); *Miller & Son Paving, Inc. v. Wrightstown Township*, 45 Pa. Commonwealth Ct. 34, 405 A.2d 568 (1979).

[3] An affidavit of defense to a scire facias sur municipal lien claim must be certain and definite. *See Philadelphia v. Baker*, 140 Pa. 11, 21 A. 238 (1891); *Pittsburgh v. MacConnell*, 130 Pa. 463, 18 A. 645 (1889); *Erie City v. Butler*, 120 Pa. 374, 14 A. 153 (1888); *Stroud v. The City of Philadelphia*, 61 Pa. 255 (1869).