572 A.2d 1291

**GENERAL MUNICIPAL AUTHORITY OF the BOROUGH OF HARVEY'S LAKE**

v.

**George B. YUHAS, Jr., Karin Schreyer–Yuhas, Husband and Wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1990.

Filed April 18, 1990.

398

Donald D. McFadden, Wilkes–Barre, for appellee.

Karin Schreyer–Yuhas, pro se.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

BROSKY, Judge.

This appeal is from an order of the trial court entering judgment on three municipal sewer liens in favor of appellee, the General Municipal Authority of the Borough of Harvey's Lake (hereinafter GMA).

Appellants, George Yuhas and Karin Schreyer–Yuhas, his wife, present the following issues for review: (1) whether the trial court erred in denying appellants' motion for reconsideration and in concluding that the parties had not reached an agreement on a payment plan for the payment of the delinquent water and sewer rates; (2) whether the trial court erred in accepting the documentation filed by appellee regarding the amount of the charges and the properties subject to the liens despite appellants' allegations that the documentation contained errors; and (3) whether the trial court erred in accepting appellee's filings and methods used in obtaining the municipal lien and reducing it to judgment.

George and Karin Yuhas are the owners of several parcels of real estate located in the Borough of Harvey's Lake, Luzerne County, Pennsylvania. GMA filed municipal liens against three of the parcels in 1985. Between 1985 and 1988 appellants contacted the borough and corresponded with the municipal authority's solicitor in an attempt to resolve the parties' dispute over the amount of the assessments. Appellants' counsel submitted a proposed payment plan to GMA, which was rejected. GMA made a counterproposal which was neither accepted nor rejected by appellants. During this time period appellants made some payments on both the current and delinquent charges.

On September 13, 1988, a writ of scire facias was served upon appellants. Appellants responded by filing a *pro se* document labeled as a "motion to quash writ of scire facias". GMA thereafter filed a reply, to which appellants filed a counter-reply and additional material. The motion to quash was denied by an order of the trial court on January 9, 1989; however, the trial court granted appellants fifteen days in which to file a proper affidavit of defense. Appel-

lants filed a document labeled "motion to strike writ of scire facias". After the expiration of the fifteen-day period, GMA filed a motion for entry of judgment for want of an affidavit of defense, which was granted on June 9, 1989. In its opinion, the trial court elected to treat the "motion to strike writ of scire facias" as an affidavit of defense, and concluded that the "affidavit" was indefinite, equivocal, vague, and evasive and contained unsupported conclusions and opinions. The trial court subsequently entered judgment in GMA's favor. Appellants requested that the court reconsider its order. The motion for reconsideration was denied on June 28, 1989 and this appeal was timely filed on the same date. For the reasons set forth below, we affirm the decision of the trial court.

█ We initially observe that the Commonwealth Court has exclusive appellate jurisdiction over the matters raised in this appeal. *See* 42 Pa.C.S.A. § 762(a)(4). Because neither party has objected to the assumption of appellate jurisdiction by this court, *see* Pa.R.A.P. 741(a), we exercise our discretion and decline to transfer the case to the Commonwealth Court. *See* Pa.R.A.P. 752(a).

Appellants emphasize in their brief and in the other documents filed with the court below that they are unlearned in the law and therefore cannot properly defend themselves in this action. While we are cognizant of the fact that appellants are representing themselves in this action,

> we note that appellant[s] [are] ... not entitled to any particular advantage because [t]he[y] lack legal training.... As our supreme court has explained, 'any layperson choosing to represent [him or] [her] [self] in a legal proceeding must, to some reasonable extent, assume the risk that [his or] [her] lack of expertise will prove [his or] [her] undoing.' *Vann v. Commonwealth, Unemployment Compensation Board of Review*, 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985).

*O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989). With this principle in mind, we address the issues raised by appellant.

The first issue presented concerns the denial of appellants' motion for reconsideration. An examination of this issue necessarily requires us to review the trial court's entry of judgment. This action is controlled by 53 Pa.S.A. § 7271 which provides:

> If no affidavit of defense be filed within the time designated, judgment may be entered ... for want thereof....
>
> If an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense....

In this case, the trial court considered the "motion to strike" as an affidavit of defense. Therefore, we must consider whether the affidavit was sufficient to preclude the entry of judgment.

In analyzing the sufficiency of the affidavit of defense, we note that appellants acknowledge that they are required to pay the sewer charges. Thus, the only dispute in this case involves the amount of the charges owed to GMA and the manner in which payment is to be made. GMA set forth a complete itemization of the charges owed by appellants for each of the three properties liened. *See* Reply to Motion to Quash, Exhibits P–5 through P–7. As a result, the burden shifted to appellants' to establish how these charges were inaccurate or otherwise defective.[1] Al-

---

1. In ruling on the sufficiency of the affidavit, we are aware that the only documents properly before the court are the writ of scire facias, the affidavit of defense, and the replies thereto. Thus, if there are omissions in the affidavit of defense, the court is not permitted to go outside the record and consider extraneous materials. *See Allegheny v. McCaffrey,* 131 Pa. 137, 142, 18 A. 1001, 1003 (1890), and *Philadelphia v. Baker,* 140 Pa. 11, 13, 21 A. 238, 239 (1891). Because the specific defects were not set forth in the affidavit itself, the materials attached to appellants' prior motion would not be considered as part of the record. However, even if we were to review the documents submitted, we are unable to discern how these support appellants' defense, as appellants have included copies of bills with varying rates of interest and penalties, and handwritten calculations which contain no explanation. Contrary to appellants' assertions, it is not the function of either the trial court or this court to create some semblance of reason or sense out of this paper morass; rather, it is

though appellants have filed numerous copies of documents and other correspondence, none of the material supplied indicates how the specific charges are inaccurate. Instead, appellants merely point to copies of prior bills, which list various amounts of interest and penalties as evidence that the amounts are incorrect. These documents do not satisfy the requirement that the affidavit be "certain and definite." *Borough of Fairview v. Arendash*, 70 Pa.Commw. 636, 639 n. 3, 453 A.2d 728, 729–730 n. 3 (1982). Consequently, the trial court correctly found the affidavit to be insufficient.

■ Appellants also claim that the trial court erred in its determination that no agreement existed between the parties. Appellants' allegations with regard to the contract are unsupported by the record. While it is true that appellants' submitted a proposed payment plan to GMA, this proposal was rejected and a counter-proposal was forwarded to appellants. There is no evidence which indicates that the counter-proposal was accepted or rejected by appellants, nor does the mutual conduct of the parties support a finding that any other payment plan had been agreed upon. Thus, the trial court did not err in concluding that there was no contract of any kind between the parties.

■ Appellants next contend that it was error for the trial court to rely on the documentation supplied by appellee. If appellants had been able to successfully establish that the charges were in error, then we might have agreed with appellant. However, there was no evidence presented by appellants indicating that the amounts were inaccurate, and therefore we deem this issue to be without merit.

■ As to the final issue raised by appellants, we likewise find it to be lacking in merit. The General Municipal Law, 53 Pa.S.A. §§ 7101–7293, specifically authorizes the entry of a lien on property for non-payment of fees or assessments. In addition, the liens may include any penal-

appellants' duty to present their defense in a comprehensible and organized manner. Appellants have failed to sustain their burden as they have not precisely described how the charges are deemed to be in error.

ties, interest and other costs. Therefore, GMA was merely exercising its legal rights in filing the above liens and motion for entry of judgment and we can discern no impropriety in the methods used by GMA to enforce its rights. In answer to the question posed by appellants in their brief, it is perfectly legal for a municipality to file liens and enter judgments on real property and have the property sold, where property owners willfully refuse to pay for the sewage and water services which they have received.

While we sympathize with appellants' misfortunes, this court is not free to disregard the law. Accordingly, the order of the trial court entering judgment must be affirmed.

Order affirmed.