IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethlehem Area School District        :
                                      :
                v.                 :
                                      :
Alvin S. Kanofsky,           :   No. 1501 C.D. 2016
                Appellant   :   Submitted: February 10, 2017

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: May 17, 2017

Alan S. Kanofsky (Kanofsky) appeals pro se from the Northampton County Common Pleas Court's (trial court) August 30, 2016 order granting Bethlehem Area School District's (District) Motion for Judgment for Want of Sufficient Affidavit of Defense (Motion) and entering judgment in favor of the District and against Kanofsky, in the amount of $8,568.70, plus interest accruing at a rate of 10% per annum on the principal balance of $7,062.60, dating from May 2, 2016 and denying Kanofsky's Counter Complaint. The sole issue before the Court is whether Kanofsky raised any cognizable claims in his Affidavit of Defense.[1] After review, we affirm.

Kanofsky owns property located at 30 East Third Street, Bethlehem, Pennsylvania (Property). On May 6, 2016, the District filed a tax claim against the Property for delinquent 2015 school real estate taxes. On June 10, 2016, the District

---

[1] Kanofsky's "Questions Asked" listed in his brief includes eight questions, none of which appear to present issues with regard to his Affidavit of Defense. Kanofsky Br. at 4. However, since Kanofsky is appealing from the trial court's order granting the District's Motion, the sufficiency of his Affidavit of Defense is the only issue before the Court.

filed a Writ of Scire Facias against Kanofsky to reduce the tax claim to judgment. On June 27, 2016, Kanofsky filed a pro se "Brief in Response to [the District's] Notice of Real Estate Lien on [the Property]" (Response Brief), and a "Counter Complaint" which the trial court treated as an Affidavit of Defense and an improper filing, respectively. Reproduced Record (R.R.) at 25, 27. On August 3, 2016, the District filed its Motion. On August 30, 2016, the trial court granted the District's Motion and entered judgment in the District's favor. Kanofsky appealed to this Court.[2]

On September 14, 2016, the trial court issued an order directing Kanofsky to file a Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) statement of errors complained of on appeal (Rule 1925(b) Statement). Kanofsky filed his Rule 1925(b) Statement on October 5, 2016. On October 26, 2016, the trial court filed its opinion, wherein it held that Kanofsky "ha[d] failed to raise any cognizable claims on appeal" and dismissed the appeal. Trial Ct. Op. at 1.

Initially, our Supreme Court has explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) [S]tatement, when so ordered; **any issues not raised in a Rule 1925(b) [S]tatement will be deemed waived**; the courts lack the authority to countenance deviations from [Rule 1925(b)'s] terms; [Rule 1925(b)'s] provisions are not subject to *ad hoc* exceptions or selective

---

[2] "In ruling on the sufficiency of the affidavit, we are aware that the only documents properly before the court are the writ of scire facias, the affidavit of defense, and the replies thereto." *Gen. Mun. Auth. of Borough of Harvey's Lake v. Yuhas,* 572 A.2d 1291, 1294 n.1 (Pa. Super. 1990). Because the trial court could only review the pleadings, we will review the trial court's order granting the Motion as we would an order granting a motion for judgment on the pleadings. *See W. Clinton Cnty. Mun. Auth. v. Estate of Rosamilia,* 826 A.2d 52, 56-57 (Pa. Cmwlth. 2003) ("Where a judgment for insufficient affidavit of defense is sought," "the procedure followed is analogous to a motion for judgment on the pleadings."). "Our review of a trial court's decision granting a motion for judgment on the pleadings considers whether the court committed an error of law or whether unresolved questions of material fact remain outstanding." *Pfister v. City of Phila.,* 963 A.2d 593, 596 n.7 (Pa. Cmwlth. 2009).

enforcement; appellants and their counsel are responsible for complying with [Rule 1925(b)'s] requirements; Rule 1925[(b)] violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it[.] . . . We yet again repeat the principle first stated in [*Commonwealth v.*] *Lord*[, 719 A.2d 306 (Pa. 1998),] that must be applied here: '[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement]. **Any issues not raised in a** [**Rule**] **1925(b)** [**S**]**tatement will be deemed waived**.' [*Id.*] at 309.

*Commonwealth v. Hill,* 16 A.3d 484, 494 (Pa. 2011) (emphasis added). Kanofsky set forth 11 issues in his Rule 1925(b) Statement.[3] *See* R.R. at 20-21. However, none of them related to the sufficiency of his Affidavit of Defense, which was the only cognizable issue before the trial court. Accordingly, the trial court properly dismissed Kanofsky's appeal.

Moreover, the eight issues Kanofsky raised in his brief to this Court are not included in, nor can they be inferred or subsumed by, the issues raised in his Rule 1925(b) Statement. "Issues not included in the [1925(b)] Statement and/or not raised in accordance with the provisions of [Rule 1925](b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Notwithstanding, pursuant to Section 19 of what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA):[4]

> Judgment for want of affidavit of defense; assessment of damages; rule for judgment; replication
>
> If no affidavit of defense be filed within the time designated, judgment may be entered and damages assessed by the prothonotary by default, for want thereof. . . .

---

[3] Although Kanofsky set forth 11 issues, the issues are numbered 12 through 22. *See* R.R. at 20-21.

[4] Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7271.

> **If an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense**, or for so much of the claim as is insufficiently denied, with leave to proceed for the residue.
>
> The defendant may, by rule, require the plaintiff to reply, under oath or affirmation, to the statements set forth in the affidavit of defense, and after the replication has been filed may move for judgment on the whole record.

53 P.S. § 7271 (emphasis added).

> Where a judgment for insufficient affidavit of defense is sought, the averments in the affidavit of defense are taken as true. *Scranton v. Levers,* . . . 49 A. 980 ([Pa.] 1901). The court may not go outside the case as presented by the pleadings for the purpose of considering extraneous facts, either in support of or against the line of defense disclosed by the affidavit. *Allegheny v. McCaffrey,* . . . 18 A. 1001 ([Pa.] 1890). In this regard, the procedure followed is analogous to a motion for judgment on the pleadings. [Pennsylvania Rule of Civil Procedure (]Pa.R.C.P.[) No.] 1034.

*W. Clinton Cnty. Mun. Auth. v. Estate of Rosamilia,* 826 A.2d 52, 56-57 (Pa. Cmwlth. 2003). "**An affidavit of defense to a scire facias sur municipal lien claim must be certain and definite**. *See Phila*[.] *v. Baker,* . . . 21 A. 238 ([Pa.] 1891); *Pittsburgh v. MacConnell,* . . . 18 A. 645 ([Pa.] 1889); *Erie City v. Butler,* . . . 14 A. 153 ([Pa.] 1888); *Stroud v. The City of Phila*[.]*,* 61 Pa. 255 (1869)." *Borough of Fairview v. Property Located at Tax Index No. 48-67-4,* 453 A.2d 728, 730 n.3 (Pa. Cmwlth. 1982) (emphasis added).

Here, the portion of Kanofsky's Response Brief treated as his Affidavit of Defense contains 18 allegations, none of which relate to whether Kanofsky is in fact delinquent on the Property's real estate taxes, and/or whether the delinquent taxes are valid or accurate. *See* R.R. at 25-26. Further, with respect to the portion of Kanofsky's Response Brief entitled "Counter Complaint":

4

> Where, as here, the legislature provides for a specific, detailed and exclusive method for the disposition of a particular dispute, a party seeking relief must adhere to such statutory method. The Act [does not] provide[] for [a Counter Complaint]. Hence, [Kanofsky] must raise any defenses to the [District's] claim in the *scire facias* proceeding[, *i.e.*, in his Affidavit of Defense] and cannot [file a Counter Complaint].

*N. Coventry Twp. v. Tripodi,* 64 A.3d 1128, 1133 (Pa. Cmwlth. 2013) (citations omitted). Assuming Kanofsky's Counter Complaint was part of his Affidavit of Defense (as it was included within the same document), it contained ten allegations, none of which pertain to the Property's delinquent taxes. *See* R.R. at 27.

Because Kanofsky's Affidavit of Defense contains no allegations relevant to the existence, validity or accuracy of the Property's delinquent taxes, the trial court properly determined there were no "unresolved questions of material fact[.]" *Pfister v. City of Phila.,* 963 A.2d 593, 596 n.7 (Pa. Cmwlth. 2009). Accordingly, the trial court properly granted the District's Motion and entered judgment in the District's favor and against Kanofsky.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethlehem Area School District :
:
:
v. :
:
Alvin S. Kanofsky, : No. 1501 C.D. 2016
Appellant :

# O R D E R

AND NOW, this 17th day of May, 2017, the Northampton County Common Pleas Court's August 30, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge