IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penn Hills School District and　　　:
Municipality of Penn Hills　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　:　　No. 449 C.D. 2019
　　　　　　　　　　　　　　　　:　　Submitted: November 8, 2019
Rayco Saunders,　　　　　　　　:
　　　　　　　　Appellant　　　　:


BEFORE:　　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT　　　　　　　FILED: February 18, 2020

　　　　　Rayco Saunders, *pro se*, appeals an order of the Court of Common Pleas of Allegheny County (trial court) entering judgment in favor of the Penn Hills School District and the Municipality of Penn Hills (collectively, Penn Hills) on its claim for unpaid property taxes, costs and attorney fees under the statute commonly known as the Municipal Claims and Tax Liens Act (Act).[1]　On appeal, Saunders asserts that the trial court deprived him of his due process rights by entering judgment against him.　For the following reasons, we affirm.

　　　　　Greater Northern Capital Investment Group is the record title owner of real property located at 10214 Frankstown Road, Pittsburgh, Pennsylvania.　On February 13, 2017, Penn Hills filed a writ of *scire facias* to reduce to judgment the delinquent taxes owed on the property for tax years 2006-2015.　The Allegheny County Sheriff served Greater Northern Capital Investment Group with the writ on

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

March 7, 2017. On July 31, 2017, after discovering that Saunders had an open quiet title action against the property, Penn Hills filed a motion to amend its writ of *scire facias* to add him as a defendant.[2] The trial court granted the motion. On August 3, 2017, Penn Hills filed an amended and reissuet writ of *scire facias*, naming Saunders as an owner of the property. In response thereto, Saunders filed an affidavit of defense and a counterclaim alleging defamation.[3]

In his affidavit of defense, Saunders disputed owing any taxes and stated that he would not waive his rights to remain silent, to be presumed innocent until proven guilty, to have proper notice of the charges against him presented via written complaint, to be assisted by counsel, and to face his accuser in open court. He stated that he could not be punished "until [he was] actually convicted by a jury of [his] peers." Supplemental Reproduced Record at 22b (S.R.R.__).

On December 19, 2018, Penn Hills filed a "Petition for Rule to Show Cause Why Judgment Should Not Be Entered for Want of Sufficient Affidavit of Defense Pursuant to 53 P.S. §7271 and Answer to Counterclaim." S.R.R. 52b. The petition alleged that because Saunders failed to present a specific defense to Penn Hills' delinquent tax claim, Penn Hills was entitled to judgment for the entire amount of its claim plus penalties, interest, costs and attorney fees.

On March 19, 2018, the trial court heard argument on Penn Hills' petition. It found that Saunders did not even allege that Penn Hills' tax claims against the property were inaccurate. The trial court thus entered judgment in favor

[2] Saunders' 2015 deed purporting to give him ownership of the property was never recorded with the Allegheny County Department of Real Estate but is alleged to pre-date the recorded deed of Greater Northern Capital Investment Group.

[3] A second re-issued writ was served on January 2, 2018, after the Allegheny County Sheriff was unable to personally serve Saunders at the property.

of Penn Hills in the amount of $32,381.90 plus attorney fees. After Saunders appealed to this Court, the trial court ordered Saunders to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement.[4] He did so, and the trial court issued a Rule 1925(a) opinion.[5]

In its Rule 1925(a) opinion, the trial court concluded that Saunders' affidavit of defense did not contain any specific averments that Penn Hills' tax claims were defective. Saunders offered only one general denial that "I, an 'Organic Living Soul', deny every paragraph, every sentence, every word and every letter of the Tax claims and municipal claims and any other 'claim' either seen, unseen or adhesive." S.R.R. 29b. The trial court found this was insufficient to comply with Section 20 of the Act, 53 P.S. §7187, which requires specific denials.[6]

---

[4] Rule 1925(b) provides, in pertinent part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

[5] Rule 1925(a)(1) states, in relevant part, as follows:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

[6] Section 20 provides:

> Tax claims and municipal claims shall be prima facie evidence of the facts averred therein in all cases; and the averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments *shall be specifically denied* by the affidavit of defense, or amendment thereof duly allowed. A compulsory nonsuit, upon trial, shall be equivalent to a verdict for defendant, whether the plaintiff appeared or not. If plaintiff recovers a verdict, upon trial, in excess of the amount admitted by the

3

The trial court further concluded that Saunders did not fully comprehend the nature and legal consequences of Penn Hills' tax claim since his affidavit stated that "I, an Organic Living Soul, do not understand these accusations." S.R.R. 21b. The trial court opined "that Saunders does not understand that a *Scire Facias* Tax Claim is an *in rem* proceeding, which strictly pertains to the property, and that he is not personally liable for the back taxes, interest, costs and attorney's fees." Trial Court Opinion, 5/29/2019, at 6. The court explained that contrary to Saunders' assertions, Penn Hills' tax claim was *not* a quasi-criminal proceeding attempting to punish Saunders personally. The trial court thus rejected Saunders' asserted violations of his right to due process.

Finally, the trial court found that the affidavit of defense showed that Saunders was aware that the property was encumbered by delinquent property taxes when he purportedly acquired an ownership interest. Specifically, the trial court cited the following admissions by Saunders:

> 8. On or about 8 September 2014, I, an Organic Living Soul, emailed [Penn Hills] in regards to the "past due" taxes.
>
> * * *
>
> 13. On or about 25 March 2015, I, an Organic Living Soul, spoke with and made an agreement with Allegheny County to pay the "past due" "county" tax.
>
> 14. On or about 25 March 2015, I, an Organic Living Soul, spoke with [Penn Hills] for "past due" and present tax, and conveyed to them that I just purchased 10214 Frankstown Road and I am in possession of the deed.

---

defendant in his affidavit of defense or pleadings, he shall be entitled to reasonable attorney fees for collection in accordance with section 3.
53 P.S. §7187 (emphasis added).

4

15. On or about 25 March 2015, I, an Organic Living Soul, spoke with [Penn Hills], and made an offer to pay $15000 for the "past due" & present tax.

16. On or about 25 March 2015, [Penn Hills] refused payment and stated: "since the house is *'not recorded'* in your name "we" cannot discuss any matter concerning the tax, with you."

S.R.R. 22b-23b (emphasis and quotations in original; internal footnotes and citations to the record omitted). The trial court explained that Saunders' "real dispute with Penn Hills is not whether the back taxes are properly owed or in error but that Penn Hills would not negotiate with him because he was not and still is not the record owner by failing to record his purported deed." Trial Court Opinion, 5/29/2019, at 7.

On appeal,[7] Saunders asserts that the trial court's decision denied him the protections of the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's Excessive Fines Clause.[8] Saunders contends that the trial court abused its discretion in entering a judgment against him.

We first address Saunders' argument that he was denied due process under the United States and Pennsylvania Constitutions because the trial court

---

[7] In reviewing a trial court's order on the sufficiency of an affidavit of defense filed in response to a writ of *scire facias sur* tax claim and statement, this Court determines whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated. *Valley Forge Sewer Authority v. Hipwell*, 121 A.3d 1164, 1167 n.4 (Pa. Cmwlth. 2015).

[8] We have reorganized Saunders' arguments for the sake of clarity. We note that Saunders also contends, generally, that he was denied the protections of the Fourteenth Amendment's Equal Protection Clause and the Fifth Amendment's Takings Clause. However, because his arguments are not supported by case law or any other relevant authority, we reject them as waived. *See Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998) (holding that undeveloped arguments without citation to legal authority will not be considered).

entered judgment against him without notice or offering him an opportunity to be heard.[9]

The Act provides that a municipality may enforce payment of a municipal claim by filing a writ of *scire facias*. *See* 53 P.S. §7185 ("[t]he claim shall be sued by writ of *scire facias*…"). A *scire facias* proceeding is an action *in rem* that serves to warn the owner of the existence of a claim so that he may make any defenses known and show cause why the plaintiff should not have execution. *North Coventry Township v. Tripodi*, 64 A.3d 1128, 1133 (Pa. Cmwlth. 2013). Under the Act, the assessment and imposition of a lien occurs without a hearing. *City of Philadelphia v. Perfetti*, 119 A.3d 396, 399 (Pa. Cmwlth. 2015).[10] Thereafter, the municipality may pursue the writ of *scire facias*, and, in response, the owner may file an affidavit of defense wherein he raises all defenses that he has to the municipal claim. *Shapiro*, 632 A.2d at 997-98.

As a lien on real property constitutes a deprivation of property, the owner is entitled to due process protections including notice and the opportunity to be heard. *City of Philadelphia*, 119 A.3d at 401. Here, there is no dispute that

---

[9] Section 1 of the Fourteenth Amendment states, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. Our state constitution similarly provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1.

[10] If the owner does not dispute the claim and assessment, he pays the amount owed and removes the lien. *Shapiro v. Center Township, Butler County*, 632 A.2d 994, 997 n.3 (Pa. Cmwlth. 1993). However, if the owner contests the claim, he can file and serve notice upon the municipality to issue a writ of *scire facias*. *Id.* at 997-98.

Saunders received Penn Hills' writ of *scire facias* as a named defendant, which gave him notice of the tax claims. Saunders had the opportunity to be heard both in his affidavit of defense and at the March 18, 2019, hearing on Penn Hills' petition. This Court has held that by providing a property owner the opportunity to raise any defenses to the claim in an affidavit of defense, due process is satisfied. *City of Philadelphia*, 119 A.3d at 401 (citing *Sager v. Burgess*, 350 F. Supp. 1310, 1312 (E.D. Pa. 1972), *aff'd*, 411 U.S. 941 (1973)). Therefore, we find no merit to Saunders' argument that the trial court deprived him of his constitutional right to due process.

Saunders argues that the trial court violated his right under the Eighth Amendment to be free from the imposition of "excessive fines." U.S. CONST. amend. VIII.[11] In making this argument, Saunders relies on *Austin v. United States*, 509 U.S. 602 (1993), wherein the Supreme Court held that the Eighth Amendment's protections apply to civil forfeiture proceedings, which are *in rem* proceedings. However, this case does not involve a forfeiture. Further, a municipal lien proceeding carries no personal liability. It is apparent that Saunders misunderstands the nature of an *in rem* proceeding because he believes the trial court's order imposes an excessive penalty upon him personally.

Section 4 of the Act provides that "[t]he lien for taxes shall exist in favor of, and the claim therefor may be filed against the property taxed by, any municipality to which the tax is payable." 53 P.S. §7107. The lien is imposed on the property, as opposed to the person allegedly responsible for the delinquency,

---

[11] The Eighth Amendment provides "[e]xcessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII (emphasis added).

because the property received the benefits of the municipal services, not the person. *City of Philadelphia*, 119 A.3d at 401. Our Court has explained:

> *Scire facias* municipal claims are *in rem* proceedings as opposed to *in personam*. It is, therefore, the property that owes the debt and not the property owner. Individuals are party defendants in the sense that they are required to show cause why their land shall not be bound by the lien of the municipal claim. In this sense, a *scire facias* municipal claim may be brought against any person found in possession of the property as well as against any person who may have an interest in the property, as owner.

*Borough of Walnutport v. Dennis*, 13 A.3d 541, 549 (Pa. Cmwlth. 2010). Although the trial court entered judgment against him, Saunders is not personally responsible for the payment of the past due taxes. Therefore, we reject Saunders' argument that the trial court violated his Eighth Amendment right.

We next address Saunders' argument that the trial court abused its discretion in entering judgment against him. Section 20 of the Act provides that "[t]ax claims and municipal claims shall be *prima facie* evidence of the facts averred therein." 53 P.S. §7187. The averments in a municipal claim constitute conclusive evidence except where they have been specifically denied by an owner's affidavit of defense. *Id.* As the defendant in a *scire facias* proceeding, the owner bears the burden of overcoming the municipality's *prima facie* case by presenting sufficient evidence that the claims are erroneous. *Warwick Township Water and Sewer Authority v. Warwick Realty Company, L.P.*, 176 A.3d 387, 394 (Pa. Cmwlth. 2017). This Court has determined that an "affidavit of defense to a *scire facias sur* municipal lien claim must be certain and definite." *Borough of Fairview v. Property Located at Tax Index No. 48-67-4*, 453 A.2d 728, 730 n.3 (Pa. Cmwlth. 1982); *see also City of Philadelphia v. Baker*, 21 A. 238 (Pa. 1891) (an affidavit of defense

8

must not leave anything to inference as that which is not averred will be taken not to exist). The trial court, as factfinder, may believe all, part or none of the evidence presented. *Warwick*, 176 A.3d at 394. This Court may not reexamine the trial court's weight and credibility determinations or substitute our judgment for that of the factfinder. *Id.*

Here, Saunders' affidavit of defense denied that he owed any tax to Penn Hills, but it did not specifically challenge the propriety of the tax claim. The trial court found Saunders' denial was contradicted by his admission that he attempted to pay a portion of the past due amount to Penn Hills. Saunders' affidavit of defense did not explain why the property taxes are not owed or, more importantly, why the assessment is inaccurate or erroneous. Thus, the trial court did not err in finding that Saunders' affidavit was insufficient to overcome Penn Hills' *prima facie* case under Section 20 of the Act, 53 P.S. §7187. *See Abbottstown Paradise Joint Sewer Authority v. Carter* (Pa. Cmwlth., No. 983 C.D. 2007, filed January 24, 2008), slip op. at 11-12[12] (owners did not provide sufficient affidavit of defense where it contained insufficient information, no credible information to support owners' arguments and the arguments lacked factual support); *General Municipal Authority of Borough of Harvey's Lake v. Yuhas*, 572 A.2d 1291, 1294 (Pa. Super. 1990) (affidavit of defense insufficient where the supplied documents and correspondence did not indicate how the specific charges were inaccurate or otherwise defective).

For all of the foregoing reasons, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[12] Pursuant to Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penn Hills School District and       :
Municipality of Penn Hills           :
                                     :
            v.                       :     No. 449 C.D. 2019
                                     :
Rayco Saunders,                      :
              Appellant              :

## **O R D E R**

AND NOW, this 18th day of February, 2020, the order of the Court of Common Pleas of Allegheny County dated March 18, 2019, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge