IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Foster Township | : | |
| | : | |
| v. | : | No. 588 C.D. 2023 |
| | : | Submitted: September 9, 2024 |
| Farida B. Rahman, | : | |
| Appellant | : | |


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                         FILED: November 25, 2024


Farida B. Rahman (Rahman), *pro se*, appeals the May 3, 2023 order (Order) of the Court of Common Pleas of Luzerne County (trial court), which denied her "Motion Request to Judge et. al., Judgment Should Be Vacated By Law, 42 Pa.C.S.A. § 5505, Dated January 18, 2023, and for Special Injunction" (Motion to Vacate Judgment). After review, we affirm.

## BACKGROUND

Rahman owns real property at 53 Prescott Road, White Haven, which is in Foster Township, Luzerne County, Pennsylvania (Property). Original Record (O.R.), Item No. 1. Since approximately 2011, Rahman has been involved in ongoing collection matters and other litigation with Foster Township (Township) related to a sewer connection on her property.[1]

---

[1] This is the sixth appeal Rahman has filed in this Court concerning her ongoing dispute with Township. *See Foster Twp. v. Rahman* (Pa. Cmwlth., No. 445 C.D. 2022, filed Mar. 18, 2024); *Foster Twp. v. Rahman* (Pa. Cmwlth., No. 1428 C.D. 2021, filed Sept. 22, 2023); *Rahman v. Foster Twp.* (Pa. Cmwlth., No. 1099 C.D. 2018, filed June 7, 2019); *Rahman v. Foster Twp. & Jones*, 211
**(Footnote continued on next page…)**

The facts relevant to this appeal are as follows. In January 2023, Township filed a municipal lien in the trial court against Rahman's Property for unpaid sewer fees. *Id.* The Luzerne County Division of Judicial Records and Services filed a notice of entry of judgment in the amount of $193.25 (Judgment). *Id.*, Item No. 4. On January 27, 2023, Rahman filed her Motion to Vacate Judgment. *Id.*, Item No. 5. In her Motion to Vacate Judgment, Rahman asserted the Judgment should be vacated because she did not owe Township any money. *Id.* The trial court held oral argument on March 23, 2023. *Id.*, Item No. 11. At argument, Rahman maintained the position she did not owe Township for sewer fees because she was not receiving sewer services. *Id.* In response, Township's attorney explained Rahman's residence is connected to the sewer, and Township will continue to bill for sewer services until it receives proof that the sewer is capped. *Id.* On May 3, 2023, the trial court entered its Order denying Rahman's Motion to Vacate Judgment. *Id.*, Item No. 12. The trial court explained Rahman failed to present any evidence to support vacating the Judgment.[2] *Id.*

On May 5, 2023, Rahman filed a "Motion with Notice to Judge et. al My Rights are Violated Under 42 U.S. Code § 1983. Judgment Must Be Vacated Dated 1-19-23. I Am Able to Build My Own Septic Tank Here Like Others." *Id.*, Item No. 14. Treating it as a motion for reconsideration, the trial court denied Rahman's

A.3d 914 (Pa. Cmwlth. 2019); *Foster Twp. v. Rahman* (Pa. Cmwlth., No. 1172 C.D. 2018, filed Nov. 18, 2019); *Foster Twp. v. Rahman* (Pa. Cmwlth., No. 847 C.D. 2011, filed Feb. 21, 2012). Additionally, Rahman has another appeal concerning her ongoing dispute with Township pending in this Court at docket number 1406 C.D. 2023.

[2] Additionally, in an effort to avoid future litigation on this issue, the trial court also directed Township to resolve the issue of future billings, and, by letter from Township, Township confirmed it would cap the sewer line at the street and discontinue future billing for service fees, thereby preventing ongoing litigation of this issue. O.R., Item No. 12 n.1.

motion. *Id.*, Item No. 17. Rahman then filed a Motion for Reconsideration on May 15, 2023. *Id.*, Item No. 19. Before the trial court issued an order addressing Rahman's Motion for Reconsideration, Rahman appealed the trial court's Order to this Court.

After Rahman filed her appeal, the trial court directed Rahman to file a Concise Statement of Errors Complained of on Appeal in compliance with Pennsylvania Rule of Appellate Procedure (Rule) 1925(b), Pa.R.A.P. 1925(b) (Concise Statement). In its Rule 1925(a), Pa.R.A.P. 1925(a), opinion (1925(a) Opinion), the trial court asserts Rahman waived any issues on appeal because she failed to identify any trial court errors in her Concise Statement. O.R., Item No. 32. By order dated October 10, 2023, this Court directed the parties to address whether Rahman preserved any issues for this Court's review in their briefs on the merits. Order, 10/10/2023.

## DISCUSSION

We begin by addressing whether Rahman has preserved any issues for appellate review. Like the trial court, Township contends Rahman waived any issues on appeal by failing to identify trial court errors in her Concise Statement and, rather, she focuses on Township's errors. Township's Br. at 6-7. Rahman argues she did not waive any issues on appeal because she indicated in her Concise Statement she did not owe Township money. Rahman's Reply Br. at 1. Further, Rahman argues the trial court erred by failing "to do [its] job," "lying" in its Order, failing to file an order addressing her Motion for Reconsideration, and failing to "see" the evidence filed. *Id.* Under Rule 1925(b)(4), an appellant's concise statement of errors complained of on appeal must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."

3

Pa.R.A.P. 1925(b)(4). Any issue an appellant fails to include in the concise statement is waived. Pa.R.A.P. 1925(b)(4)(vii). Here, in her Concise Statement, Rahman asserts the trial court "failed to do [its] job, lied [in its Order,] . . . failed to file an order [addressing her] Motion for Reconsideration[, and] . . . failed to see the evidence filed and served on February 27, 2023, May 5, 2023, and May 15, 2023." Concise Statement, at 1. Specifically, regarding her assertion that the trial court "lied" in its Order, Rahman contends she produced enough evidence to support her claim. *Id.* at 3. Because we construe *pro se* pleadings liberally, *Hill v. Pennsylvania Department of Corrections*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022), we conclude Rahman's Concise Statement provided sufficient detail to identify to the trial court Rahman was asserting the trial court erred or abused its discretion by denying her Motion to Vacate Judgment.

We now address the merits of Rahman's appeal. In the Statement of Question Involved section of her brief, Rahman identifies the following question:

> WHETHER THE JUDGE FAILED TO DO HIS JOB, LIED ON HIS ORDER DATED MAY 3, 2023. WHETHER THE JUDGE FAILED TO FILE AN ORDER FOR MY MOTION FOR RECONSIDERATION. WHETHER THE JUDGE FAILED TO SEE THE EVIDENCE FILED AND SERVED ON FEBRUARY 27, 2023, MAY 5, 2023, 42 Pa.C.S.A. § 5505 WAS PROVIDED?

Rahman's Br. at 7 (capitalization in original). This Court's review is limited to determining whether the trial court's findings are supported by substantial evidence, or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 13 A.3d 541, 545 n.4 (Pa. Cmwlth. 2010).

Under Township's Sewer Systems Rules and Regulations Ordinance No. 1-2012 (2012), property owners in Township are required to connect to Township's sewer line and are required to pay service fees for the access. Section 15 of the

4

Municipal Claims and Tax Liens Act (MCTLA)[3] authorizes the entry of a municipal lien on property for non-payment of fees or assessments. 53 P.S. § 7183. Rahman argues she does not utilize sewer services on her Property, and, therefore, she does not owe Township any sewer fees. Rahman's Br. at 12. However, Rahman has sewer access and receives sewer service to her Property from Township. Rahman refused to pay for the sewer services provided to her Property. Thus, Township properly exercised its rights under the MCTLA by filing a lien against Rahman's Property for the unpaid sewer fees, and we see no impropriety in the entry of Judgment. *See Gen. Mun. Auth. of Harvey's Lake v. Yuhas*, 572 A.2d 1291, 1294 (Pa. Super. 1990).[4] Accordingly, the trial court did not err by denying Rahman's Motion to Vacate Judgment.[5]

Likewise, insofar as Rahman's Motion to Vacate Judgment requested a special or preliminary injunction,[6] the trial court did not err by denying that request. Under Pennsylvania Rule of Civil Procedure 1531,

> a court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be

---

[3] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

[4] While Pennsylvania Superior Court decisions are not binding on this Court, we may cite to them for their persuasive value where they address similar issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[5] Moreover, Rahman failed to follow the proper procedure to challenge the lien. To challenge a lien, Section 16 of the MCTLA provides a property owner may request a lienholder to issue a writ of scire fascias. 53 P.S. § 7184. Once the lienholder issues the writ, the owner may then file an affidavit under Section 14 of the MCTLA, 53 P.S. § 7182, raising defenses to the lien. *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 818 (Pa. 2013).

[6] While Rahman includes a request for "special injunction" in the title of her Motion to Vacate Judgment, her requested relief is that the trial court vacate the Judgment. O.R., Item No. 5.

given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or notice.

Pa.R.Civ.P. 1531.  To obtain a special injunction, a petitioner must establish

(1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and, (6) the public interest will not be harmed if the injunction is granted.

*Berwick Twp. v. O'Brien*, 148 A.3d 872, 890 n.5 (Pa. Cmwlth. 2016).  Here, Rahman failed to demonstrate relief was necessary to prevent immediate and irreparable harm that money damages could not adequately compensate.  As addressed above, Township was entitled under the MCTLA to file a lien against Rahman's Property for unpaid sewer fees, and Township's filing of the lien does not equate to immediate or irreparable harm to Rahman.  Therefore, Rahman was not entitled to a special injunction.

Finally, Rahman's argument that the trial court erred by failing to file an order on her Motion for Reconsideration lacks merit.  As the trial court noted in its 1925(a) Opinion, on May 15, 2023, Rahman filed her Motion for Reconsideration and, before the trial court ruled upon that motion, she appealed to this Court.  Under Pa.R.A.P. 1701(a), generally, once an appeal is filed, the trial court may no longer proceed any further in a matter.  Pa.R.A.P. 1701(a).  While this rule contains an exception **allowing** the trial court to grant reconsideration of an order subject to an appeal if the application for reconsideration is timely filed and the order granting reconsideration is filed within the time prescribed for the filing of a notice of appeal, *see* Pa.R.A.P. 1701(b)(3), the rules do not expressly require the trial court to address

6

a reconsideration motion. Therefore, the trial court did not err when it declined to address Rahman's Motion for Reconsideration after Rahman appealed to this Court.

## CONCLUSION

We discern no error in the trial court's denial of Rahman's Motion to Vacate Judgment. Accordingly, we affirm.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Foster Township              :
                                     :
        v.              : No. 588 C.D. 2023
                                       :
Farida B. Rahman,        :
              Appellant  :

***PER CURIAM***

# **O R D E R**

**AND NOW**, this 25th day of November 2024, the Court of Common Pleas of Luzerne County's order dated May 3, 2023, is **AFFIRMED**.